JUDGE SWAIN  **13 CIV 7639**



Richard M. Wirtz (SBN 137812)(*pro hac vice pending*)
email: rwirtz@wirtzlaw.com
W I R T Z  L A W  APC
4365 Executive Drive, Suite 1460
San Diego, California 92121
voice:       858.259.5009

Attorneys for Plaintiff THE VANTONE GROUP
LIMITED LIABILITY COMPANY

WIRTZ LAW APC
4365 Executive Drive, Suite 1460
San Diego, CA 92121
voice 858.259.5009 / fax 858.259.6008

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE VANTONE GROUP LIMITED LIABILITY COMPANY, a New York Limited Liability Company, <br><br>          Plaintiff, <br><br> v. <br><br> YANGPU NGT INDUSTRIAL CO., LTD, a China Corporation; VANTONE HOLDINGS CO., LTD., a China Corporation; CHINA CENTER NEW YORK LLC, a Delaware Limited Liability; VANTONE REALTY CORPORATION, a Texas corporation; VANTONE HOLDINGS, LTD, an entity of unknown form and origin; VANTONE PROPERTY NY LLC, a New York limited liability company; VANTONE RESIDENCES LLC, a New York limited liability company; VANTONE US LLC, an entity of unknown form and origin; BEIJING VANTONE REAL ESTATE CO., LTD, an entity of unknown form and origin; BEIJING VANTONE ZHENGQI INVESTMENT MANAGEMENT COMPANY, an entity of unknown form and origin; HAINAN VANTONE YUFENG INVESTMENT CO., LTD, an entity of unknown form and origin; VAMERICA LLC, a Delaware limited liability company; | Case Number: <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br> 1.  **Trademark Infringement (15 U.S.C. § 1114)** <br> 2.  **False Designation of Origin (15 U.S.C. § 1125(A))** <br> 3.  **Cybersquatting (15 U.S.C. § 1125(d))** <br> 4.  **Cancellation of federal registration (15 U.S.C. §1064)** <br> 5.  **Infringement under NY Law (N.Y. Gen. Bus. Law § 360-k)** <br> 6.  **Injury to Business Reputation and Dilution under NY Law (N.Y. Gen. Bus. Law § 360-l)** <br> 7.  **Deceptive Business Acts or Practices (N.Y. Gen. Bus. Law § 349)** <br> 8.  **False Advertising (N.Y. Gen. Bus. Law § 350)** <br> 9.  **Use of Name with Intent to Deceive (N.Y. Gen. Bus. Law §  133)** <br> 10. **Common Law Passing off and Unfair Competition** <br> 11. **Unjust Enrichment** <br> 12. **Declaratory Relief** <br><br> **(DEMAND FOR JURY TRIAL)** |

DURST ORGANIZATION INC, an entity of unknown form and origin;
1 WORLD TRADE CENTER LLC, a Delaware limited liability company;
THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, an entity of unknown form and origin;
VANTONE INDUSTRIAL CO., LTD, an entity of unknown form and origin;
BEIJING VANTONE INDUSTRY COMPANY; an entity of unknown form and origin;
VANTONE INTERNATIONAL HOLDINGS, a California corporation;
VANTONE INTERNATIONAL, LLC, a Delaware limited liability company;
FENG LUN, an individual;
JONATHAN HEATH, an individual; and DOES 1-10, inclusive.

Defendants.

Plaintiff THE VANTONE GROUP LIMITED LIABILITY COMPANY ("Vantone" or "Plaintiff") alleges as follows:

1.    Vantone is the record owner of the federally registered trademark THE VANTONE GROUP for Real Estate Brokerage services (Reg. No. 3,856,724)("the '724 registration"). A true and correct copy of the Registration Certificate for the '724 Registration is attached as **Exhibit 1**.

2.    Vantone is also the record owner of the federally registered trademark THE VANTONE GROUP for financial and investment services, namely, management and brokerage in the fields of stocks, bonds, options, commodities, futures and other securities, and the investment of funds of others (Reg. No. 4,238,285)("the '285 Registration"). A true and correct copy of the Registration Certificate for the '285 Registration is attached as **Exhibit 2**.

3.    On May 7, 2012, Vantone applied for registration of the Chinese character transliteration of its federally registered trademarks THE VANTONE GROUP (App. No. 85618998)("the '998 Application"). A true and correct copy of the trademark application for the '998 Application is attached as **Exhibit 3**.

4.    Vantone is also the record owner of the New York State Service Mark

WIRTZ LAW APC
4365 Executive Drive, Suite 1460
San Diego, CA 92121
voice 858.259.5009 / fax 858.259.6008

THE VANTONE GROUP for real estate brokerage services (Reg. No. S21282)("the 'NY Service Mark"). A true and correct copy of the New York State Department of State Certificate of Service Mark Registration for the NY Service Mark is attached as **Exhibit 4**.

5. This action arises from Defendants' unauthorized use of marks for competing real estate and financial services which are confusingly similar to Plaintiff's federally registered trademarks, from Defendants' registration of several domains incorporating Plaintiff's English trademarks, and from Defendants' registration of two Chinese character marks which wholly incorporate the Chinese translation and/or transliteration of Plaintiff's federally registered trademarks.

6. By using a trade name and trademark that is confusingly similar to Plaintiff's trademarks, Defendants have caused and are likely to continue to cause confusion between Plaintiff's and Defendants' competing real estate services. Consequently, Plaintiff seeks injunctive relief and damages under the federal Lanham Act (15 U.S.C. §§ 1051 *et. seq.*).

# I.

## JURISDICTION

7. The Court has personal jurisdiction over Defendants because Defendants have maintained minimum contacts with the state of New York. Defendant has continuously and systematically marketed its infringing real estate and financial services here in New York. Because these actions form the basis of Plaintiff's action, there is also specific jurisdiction.

8. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338, and 1367. Plaintiff's claims are based on violations of the Lanham Act, as amended, 15 U.S.C. §§ 1051, *et seq*. The Court has jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1332, 1338(b), and 1367.

9. Venue lies in the Southern District of New York pursuant to 28 U.S.C. §

WIRTZ LAW APC
4365 Executive Drive, Suite 1460
San Diego, CA 92121
voice 858.259.5009 / fax 858.259.6008

1391(b) and (c).  Plaintiff is informed and believes that Defendants have transacted business in this judicial district, and a substantial part of the events, omissions, and injuries giving rise to Plaintiff's claims occurred in this judicial district.

## II.

## THE PARTIES

10.    Plaintiff THE VANTONE GROUP LIMITED LIABILITY COMPANY is a New York Limited Liability Company doing business at 410 Park Avenue 15th Floor, New York NY 10022. Vantone provides high end real estate brokerage services in New York City.  Vantone is one of the preeminent real estate companies in New York City.  Vantone was formed as New York State limited liability company on April 18, 2007. It has been licensed in the State of New York as a real estate brokerage since at least January 8, 2008. A true and correct copy of Plaintiff's brokerage license is attached as **Exhibit 5**.

11.    On information and belief, Defendant YANGPU NGT INDUSTRIAL CO., LTD ("Yangpu") is a Chinese company whose principle place of business is at No. 236 Zhonghang Building YangpuGuandhua Co. Hainan China.  However, Plaintiff is also informed and believes that Yangpu maintains an office in its "China Center", located at 7 World Trade Center, 33/F, 250 Greenwich Street, New York, New York 10007. Yangpu is the named applicant on the now abandoned trademark application nos. 85208425 ("the '425 application") and 85326938 ("the '938 application") for VANTONE. Yangpu is also the owner of federal trademark registration nos. 4230555 ("the '555 registration"), 4234787 ("the '787 registration"), and 4,339,146 ("the '146 registration") for three Chinese character marks. Yangpu is also the named applicant on trademark application nos. 85593012 ("the '012 application"), 85593004 ("the '004 application"), 85592987 ("the '987 application"), 85592980 ("the '980 application"), 85592976 ("the '976 application"), 85592974 ("the '974 application") (collectively "the Vamerica applications"), for the English word VAMERICA and Chinese characters. On information and belief Defendant YANGPU NGT INDUSTRIAL CO.,

WIRTZ LAW APC
4365 Executive Drive, Suite 1460
San Diego, CA 92121
voice 858.259.5009 / fax 858.259.6008

LTD is doing business in New York, including real estate and financial services.

12.     On information and belief, Defendant VANTONE HOLDINGS CO., LTD. ("Holdings Co.") is a Chinese company doing business at B-8, Vantone New World Plaza, No.2, Fuchengmenwai Street, Xicheng District, Beijing, China. On information and belief, Holdings Co. is an entity doing business in New York City. On information and belief, Holdings Co. has leased space in One World Trade Center for its "China Center" project, and has invested in joint ventures in at least two residential projects in New York City. On information and belief, VANTONE HOLDINGS CO., LTD also does business as VANTONE HOLDINGS LTD. On information and belief Defendant VANTONE HOLDINGS CO., LTD is in the business of real estate development and real estate fund management, real estate property management and real estate financing. On information and belief, Defendant VANTONE HOLDING CO., LTD's investment management wing includes its subsidiary Defendant BEIJING VANTONE ZHENGQI INVESTMENT MANAGEMENT COMPANY. On information and belief, Defendant VANTONE HOLDINGS CO., LTD does not separate any results for its investment vehicles from its total earnings.

13.     On information and belief, Defendant CHINA CENTER NEW YORK LLC ("China Center LLC"), is a Delaware Limited Liability and subsidiary of Defendant Holdings Co. China Center LLC has leased space in One World Trade Center for its "China Center" project. On information and belief, China Center LLC calls itself and/or its project "Vantone China Center." On information and belief Defendant CHINA CENTER NEW YORK LLC is doing business in New York, including real estate and financial services.

14.     On information and belief, Defendant VANTONE REALTY CORPORATION, is a Texas corporation, claiming a business location at 12520 Al Westheimer #139, Houston, Texas 77077, and is an affiliated, related, or subsidiary company of one or more of the other Defendants, and by that relationship is, on information and belief, doing business in New York, and in addition to directly

WIRTZ LAW APC
4365 Executive Drive, Suite 1460
San Diego, CA 92121
voice 858.259.5009 / fax 858.259.6008

infringing Plaintiff's THE VANTONE GROUP mark, and is also aiding and abet the infringement of Plaintiff's THE VANTONE GROUP mark.  Defendant VANTONE REALTY CORPORATION is also known as VANTONE REALTY CORP.  On or about May 5, 2012, Defendant VANTONE REALTY CORPORATION filed Form S-1 with the United States Securities and Exchange Commission to become a publicly traded company.  An individual named Tian Su Hua purports to be the President, Principal Executive Officer, Principal Financial Officer, Principal Accounting Officer, Secretary, Treasurer and sole member of the Board of Directors for Defendant VANTONE REALTY CORPORATION.

15.   On information and belief, Defendant VANTONE HOLDINGS, LTD is an entity of unknown form and origin, doing business in New York, including owning of real estate, and is an affiliated, related, or subsidiary company of one or more of the other Defendants and in addition to directly infringing Plaintiff's THE VANTONE GROUP mark, and is also aiding and abetting the infringement of Plaintiff's THE VANTONE GROUP mark.

16.   On information and belief, Defendant VANTONE PROPERTY NY LLC a New York limited liability company, whose registered agent is Defendant China Center New York LLC, and is doing business in New York at 7 World Trade Center 33/F, 250 Greenwich Street, New York, NY 10007, including owning of real estate, and is an affiliated, related, or subsidiary company of one or more of the other Defendants and in addition to directly infringing Plaintiff's THE VANTONE GROUP mark, and is also aiding and abet the infringement of Plaintiff's THE VANTONE GROUP mark.

17.   On information and belief, Defendant VANTONE RESIDENCES LLC is a New York limited liability company, doing business in New York, including owning of real estate, and is an affiliated, related, or subsidiary company of one or more of the other Defendants and in addition to directly infringing Plaintiff's THE VANTONE GROUP mark, and is also aiding and abet the infringement of Plaintiff's THE

WIRTZ LAW APC
4365 Executive Drive, Suite 1460
San Diego, CA 92121
voice 858.259.5009 / fax 858.259.6008

VANTONE GROUP mark.

18.     On information and belief Defendant VANTONE US LLC is a Delaware limited liability, doing business in New York, including owning of real estate at One Battery Park Plaza, 5F, New York, NY 10004, and other places, and is an affiliated, related, or subsidiary company of one or more of the other Defendants and in addition to directly infringing Plaintiff's THE VANTONE GROUP mark, and is also aiding and abet the infringement of Plaintiff's THE VANTONE GROUP mark.  On information and belief Defendant VANTONE US LLC is now known as Defendant VAMERICA LLC.

19.     On information and belief Defendant BEIJING VANTONE REAL ESTATE CO., LTD is an entity of unknown form and origin, doing business in New York, and is an affiliated, related, or subsidiary company of one or more of the other Defendants and in addition to directly infringing Plaintiff's THE VANTONE GROUP mark, and is also aiding and abet the infringement of Plaintiff's THE VANTONE GROUP mark.  On information and belief, Defendant BEIJING VANTONE REAL ESTATE CO., LTD built the Vantone China Center for Defendants in the 1 World Trade Center Building.

20.     On information and belief Defendant BEIJING VANTONE ZHENGQI INVESTMENT MANAGEMENT COMPANY,  is an entity of unknown form and origin, doing business in New York, and is an affiliated, related, or subsidiary company of one or more of the other Defendants and in addition to directly infringing Plaintiff's THE VANTONE GROUP mark, and is also aiding and abet the infringement of Plaintiff's THE VANTONE GROUP mark. On information and belief Defendant BEIJING VANTONE ZHENGQI INVESTMENT MANAGEMENT COMPANY, is the investment management wing of Defendant VANTONE HOLDINGS CO., LTD.

21.     On information and belief Defendant HAINAN VANTONE YUFENG INVESTMENT CO. LTD is an entity of unknown form and origin, doing business in New York, and is an affiliated, related, or subsidiary company of one or more of the

WIRTZ LAW APC
4365 Executive Drive, Suite 1460
San Diego, CA 92121
voice 858.259.5009 / fax 858.259.6008

other Defendants and in addition to directly infringing Plaintiff's THE VANTONE GROUP mark, and is also aiding and abet the infringement of Plaintiff's THE VANTONE GROUP mark. On information and belief Defendant VANTONE INTERNATIONAL HOLDINGS is doing business in New York, including real estate and financial services.

22.    On information and belief Defendant VAMERICA LLC is Delaware limited liability company, doing business in New York, located at 250 Greenwich Street, 33/F, New York, NY 1007, and is an affiliated, related, or subsidiary company of one or more of the other Defendants (100% owned by Defendant VANTONE HOLDING CO., LTD) and in addition to directly infringing Plaintiff's THE VANTONE GROUP mark, and is also aiding and abet the infringement of Plaintiff's THE VANTONE GROUP mark.  On information and belief, Defendant VAMERICA LLC is a New York-based international real estate investment arm of Defendant VANTONE HOLDINGS CO., LTD., and/or VANTONE HOLDINGS LTD and Defendant VAMERICA LLC's operations include direct investment, fund management and consulting services in real estate, and on behalf of Defendant VANTONE HOLDINGS CO., LTD and/or Defendant VANTONE HOLDINGS LTD, Defendant VAMERICA oversees the development and operations of its China Center New York project with a total investment of $80 million. Defendant VAMERICA also operates a portfolio of real estate funds, and, provides real estate advisory services to Defendant VANTONE HOLDINGS CO., LTD and/or Defendant VANTONE HOLDINGS LTD, and/or their affiliates, related entities and subsidiaries.  On information and belief, Defendant VAMERICA, LLC was previously known as Defendant VANTONE US LLC.

23.    On information and belief Defendant DURST ORGANIZATION INC is an entity of unknown form and origin and is the US partner of Defendant VANTONE HOLDING CO., LTD, and in addition to directly infringing Plaintiff's THE VANTONE GROUP mark, and is also aiding and abet the infringement of Plaintiff's

WIRTZ LAW APC
4365 Executive Drive, Suite 1460
San Diego, CA 92121
voice 858.259.5009 / fax 858.259.6008

THE VANTONE GROUP mark.

24.     On information and belief Defendant 1 WORLD TRADE CENTER LLC, is a Delaware limited liability company and is the landlord to Defendant China CENTER NEW YORK LLC and by virtue of the lease and permission granted therein to Defendants to infringe on Plaintiff's mark THE VANTONE GROUP is directly infringing Plaintiff's THE VANTONE GROUP mark, and is also aiding and abet the infringement of Plaintiff's THE VANTONE GROUP mark. On information and belief Defendant VANTONE INTERNATIONAL HOLDINGS is doing business in New York, including real estate and financial services.

25.     On information and belief Defendant THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY is an entity of unknown form and origin and is the sole member of Defendant 1 WORLD TRADE CENTER LLC, the landlord to Defendant China CENTER NEW YORK LLC and by virtue of the lease and permission granted therein to Defendants to infringe on Plaintiff's mark THE VANTONE GROUP is directly infringing Plaintiff's THE VANTONE GROUP mark, and is also aiding and abet the infringement of Plaintiff's THE VANTONE GROUP mark.  On information and belief, Defendant THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY has issued at least 32 separate press releases identifying Defendants' commercial use of Plaintiff's mark THE VANTONE GROUP.  On information and belief Defendant VANTONE INTERNATIONAL HOLDINGS is doing business in New York, including real estate and financial services.

26.     On information and belief Defendant VANTONE INDUSTRIAL CO., LTD is an entity of unknown form and origin and is an affiliated, related, or subsidiary company of one or more of the other Defendants and in addition to directly infringing Plaintiff's THE VANTONE GROUP mark, and is also aiding and abet the infringement of Plaintiff's THE VANTONE GROUP mark.  On information and belief, Defendant VANTONE INDUSTRIAL CO., LTD leased space in the 1 World Trade Center building in or about 2009. On information and belief Defendant VANTONE

WIRTZ LAW APC
4365 Executive Drive, Suite 1460
San Diego, CA 92121
voice 858.259.5009 / fax 858.259.6008

1 INTERNATIONAL HOLDINGS is doing business in New York, including real estate
2 and financial services.

3       27.    On information and belief Defendant BEIJING VANTONE INDUSTRY
4 COMPANY is an entity of unknown form and origin and is an affiliated, related, or
5 subsidiary company of one or more of the other Defendants and in addition to directly
6 infringing Plaintiff's THE VANTONE GROUP mark, and is also aiding and abet the
7 infringement of Plaintiff's THE VANTONE GROUP mark.   On information and
8 belief, Defendant BEIJING INDUSTRY CO., LTD leased space in the 1 World Trade
9 Center building.

10      28.    On information and belief Defendant VANTONE INTERNATIONAL
11 HOLDINGS, is a California corporation, and is an affiliated, related, or subsidiary
12 company of one or more of the other Defendants and in addition to directly infringing
13 Plaintiff's THE VANTONE GROUP mark, and is also aiding and abet the infringement
14 of Plaintiff's THE VANTONE GROUP mark. On information and belief Defendant
15 VANTONE INTERNATIONAL HOLDINGS is doing business in New York,
16 including real estate and financial services.

17      29.    On information and belief Defendant VANTONE INTERNATIONAL,
18 LLC is a Delaware limited liability company and is an affiliated, related, or subsidiary
19 company of one or more of the other Defendants and in addition to directly infringing
20 Plaintiff's THE VANTONE GROUP mark, and is also aiding and abet the infringement
21 of Plaintiff's THE VANTONE GROUP mark.   On information and belief Defendant
22 VANTONE INTERNATIONAL HOLDINGS is doing business in New York,
23 including real estate and financial services.

24      30.    On information and belief, Defendant FENG LUN, is an individual, and
25 sole owner of Defendant Yangpu, majority owner and chairman of Defendant China
26 Center LLC, Defendant VANTONE HOLDINGS CO., LTD, Defendant VANTONE
27 HOLDINGS LTD, and other Defendants.   FENG LUN is the signatory on all of
28 Defendant Yangpu's trademark applications.  Since 2003 Defendant FENG LUN has

WIRTZ LAW APC
4365 Executive Drive, Suite 1460
San Diego, CA 92121
voice 858.259.5009 / fax 858.259.6008

been to New York over 50 times.  On information and belief Defendant FENG LUN controlled and directed each of the Defendants, including the infringing acts alleged in this complaint and is aiding and abetting the infringement of Plaintiff's THE VANTONE GROUP mark.  Defendant FENG LUN's published goal is to establish the VANTONE brand name for Defendants with commercial real estate projects.

31.     On information and belief, Defendant JONATHAN HEATH, is an individual, and CEO of Defendant China Center LLC.  On information and belief Defendant JONATHAN HEATH controlled and directed Defendant CHINA CENTER LLC, including the infringing acts alleged in this complaint and is aiding and abetting the infringement of Plaintiff's THE VANTONE GROUP mark.

32.     Plaintiff is ignorant of the true names of defendants named as DOES 1-10 and thus names said defendants fictitiously.  These fictitious defendants include, but are not limited to, any subsidiaries and/or parent companies of Defendants of which Plaintiff is ignorant and which have participated and/or are participating in the acts of trademark infringement and unfair competition alleged herein.  Plaintiff will amend its complaint to substitute the true names of DOES 1-10 as those names are discovered.

33.     Plaintiff is informed and believes and thereon alleges that at all times mentioned herein each of the Defendants was the agent and employee of each of the remaining Defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment

### III.

### BACKGROUND

34.     Vantone is one of the preeminent real estate companies in New York City. Vantone's founder, Leonardo Gianella, began preparing to use the name "The Vantone Group" in 2006, when on April 13, 2006, he registered www.vantonegroup.com, and www.vantonerealestate.com. Vantone was formed as New York State limited liability company on April 18, 2007, its date of first use in commerce.  It has been licensed in the State of New York as a real estate brokerage since at least January 8, 2008.

35.     A large portion of Vantone's client base are Chinese nationals. Therefore, at least as early as May 6, 2012, Plaintiff began to market itself to these Chinese nationals by offering its website in both English and Chinese and using a Chinese character translation of it's THE VANTONE GROUP mark:

# 万通集团

36.     Vantone is the record owner of the federally registered trademark THE VANTONE GROUP for Real Estate Brokerage services (Reg. No. 3,856,724)("the '724 registration"), registered on October 5, 2010.

37.     Vantone is also the record owner of the federally registered trademark THE VANTONE GROUP for financial and investment services, namely, management and brokerage in the fields of stocks, bonds, options, commodities, futures and other securities, and the investment of funds of others (Reg. No. 4,238,285)("the '285 registration").   Vantone filed its application for registration on January 7, 2011. Though the mark was eventually successfully registered on November 6, 2012, Plaintiff received an office action dated March 29, 2011, which brought to Plaintiff's attention, Defendant Yangpu's '425 application.

38.     Plaintiff learned that, on December 31, 2010, Defendant Yangpu filed the '425 application for registration of VANTONE for various services on an intent to use basis.  The '425 application was published for opposition on January 10, 2012.

39.     In addition, on May 22, 2011, Defendant Yangpu filed the '938 application for registration of VANTONE for other various services on an intent to use basis.  The '938 application was published for opposition on January 3, 2012.

40.     Plaintiff opposed the '425 and '938 applications (oppositions no. 91203415 and 91203526) on January 18, 2012 by filing notices of opposition. Yangpu's deadline to answer Plaintiff's opposition was February 21, 2012.   On February 24, 2012, Yangpu filed an abandonment of its applications with prejudice,

WIRTZ LAW APC
4365 Executive Drive, Suite 1460
San Diego, CA 92121
voice 858.259.5009 / fax 858.259.6008

and without Plaintiff's consent.  Pursuant to Trademark Rule 2.135, judgment was therefore entered against Yangpu by the Trademark Trial and Appeal Board, Plaintiff's opposition was sustained, and registration of the two marks was refused.

41.    On March 1, 2012, Plaintiff wrote to Yangpu, demanding that Yangpu expressly abandon its three applications for the following Chinese character marks:

a.    Registration No. 4,230,555 ("the '555 registration"):

# 万通地产

In its application, Yangpu claimed that its Chinese character mark transliterates to to "WAN TONG Di Chan" and which according to Yangpu means "ten thousand," "through" and "real estate" in English. Yangpu's Chinese character mark is registered in connection with:

> IC 036 - Leasing of real estate; Real estate agencies; Real estate brokerage; Real estate services, namely, rental, brokerage, leasing and management of commercial property, offices and office space; Real estate appraisal; Real estate management; Apartment house management; Renting of apartments; Leasing of apartments; Accommodation bureaux (sic), namely, rental of apartments; Rental of offices; Leasing of farms; Art appraisal; Surety services; Charitable fund raising; Pawn brokerage; Pawn shops.

Yangpu initially filed on an intent to use basis. Its date of effective first use is the date of filing of the application, December 31, 2010. The mark was registered on October 23, 2012.

b.    Registration No. 4,234,787 ("the '787 registration"):

# 万通

In it's application, Yangpu claimed that Chinese character mark transliterated to "WAN TONG" and which according to Respondent means "ten thousand" and "through." Yangpu's Chinese character mark is registered in connection with:

> IC 039 - Air freight shipping services; arranging of tours; car parking; car

WIRTZ LAW APC
4365 Executive Drive, Suite 1460
San Diego, CA 92121
voice 858.259.5009 / fax 858.259.6008

rental; courier services; freight and transport brokerage; freight forwarding; freight transportation by truck, train, air and ship; furniture moving; moving company services; moving van transport; organisation (sic) of sight seeing tours; passenger transport; postal, freight and courier services; rental of warehouses; storage of goods; transport services, namely, local, interstate and international moving services; transportation of goods; travel and tour ticket reservation service; vehicle and boat moving services; warehouse storage; water supplying.

IC 041 - Amusement parks; arranging and conducting educational conferences; education services in the nature of courses at the university level; education services in the nature of early childhood instruction; educational services, namely, conducting distance learning instruction at the primary and secondary levels; educational services, namely, conducting distance learning instruction at the secondary, college and graduate levels; educational services, namely, providing internships and exchange programs in the fields of business, science, research, and humanities; entertainment event booking agencies; entertainment information; health club services, namely, providing instruction and equipment in the field of physical exercise; holiday camp services; organisation of fashion shows for entertainment purposes; organisation of sports competitions; organization of shows for cultural purposes; organizing on-line exhibitions and conferences in the fields of education, culture, sports and entertainment for non-business and non-commercial purposes; physical education services; providing amusement arcade services; providing golf facilities; providing sports facilities; rental of skindiving equipment; rental of tennis courts; social club services, namely, arranging, organizing, and hosting social events, get-togethers, and parties for club members; sports camp services.

IC 042 - Architectural consultation; computer hardware and software consulting services; computer programming; computer software consultancy; computer software design; construction drafting; consulting in the fields of engineering and architecture; consulting services in the fields of energy measurement to improve energy efficiency; design of interior decor; engineering; engineering services, particularly technical project planning and design engineering of lines for the processing of web products; land surveying; packaging design; rental of computer software; research and development for new products for others; scientific research and development; surveying; technical advice relating to operation of computers; technical consultancy in relation to research services relating to foods and dietary supplements; technical consultancy in relation to technical research in the field of food and beverages; technical consultancy in the field of environmental science; technical research in thefield of aeronautics; technology consultation services in the field of alternative energy, namely, gasifying and combusting alternative fuels; urban planning.

IC 043 - Agency services for the reservation of temporary accommodation; bar services; boarding houses; cafes; canteen services; catering of food and drinks; hotel accommodation services; hotels; leasing of metal and non-metal buildings for temporary use purposes; motels; providing campground facilities; providing temporary lodging at holiday camps; rental of portable buildings; rental of rooms as temporary living accommodations; restaurants; snack-bars; tourist homes.

IC 044 - Animal breeding; animal grooming; beauty salons; gardener and gardening services; health spa services for health and wellness of the body and spirit offered at a health resort; healthcare; hospitals; landscape design; landscape gardening; medical assistance services; nursing care; nursing services; opticians' services; psychological assessment services; psychological consultation; psychological counseling; psychological testing services; psychotherapy services; rental of sanitation facilities; rest homes; veterinary services.

Its date of effective first use is the date of filing of the application, May 22, 2011. The mark was registered on October 30, 2012.

      c.    Registration No. 4,339,146 ("the '146 registration"):

# 万通

In it's application, Yangpu claimed that Chinese character mark transliterated to "WAN TONG" and which according to Respondent means "ten thousand" and "through." Yangpu's Chinese character mark is registered in connection with:

IC 036. US 100 101 102. G & S: Leasing of real estate; Real estate agencies; Real estate brokerage; Real estate services, namely, rental, brokerage, leasing and management of commercial property, offices and office space; Real estate appraisal; Real estate management; Apartment house management; Renting of apartments; Leasing of apartments; Accommodation bureaux, namely, rental of apartments; Rental of offices; Leasing of farms; Capital investments services, namely, equity capital investment, investment funding, venture capital fund management, venture capital services, namely, providing financing to emerging and start-up companies; Art appraisal; Surety services; Charitable fund raising; Pawn brokerage; Pawn shops.

Its date of effective first use is the date of filing of the application, December 31, 2010. The mark was registered on May 21, 2013.

      42.    Defendant Yangpu refused to either discontinue its use of the three marks, or to expressly abandon its applications. The times for opposition having passed, the three applications proceeded to registration on October 23, 2012, October 30, 2012, and May 21, 2013, respectively.

      43.    On May 7, 2012, Plaintiff filed an application for registration of its aforementioned Chinese Character translation of THE VANTONE GROUP. However, on September 5, 2012, Plaintiff received an office action informing it that Plaintiff's

WIRTZ LAW APC
4365 Executive Drive, Suite 1460
San Diego, CA 92121
voice 858.259.5009 / fax 858.259.6008

application would be denied due to likelihood of confusion with Defendant Yangpu's pending Chinese character applications.

44.     On February 4, 2013, Plaintiff filed for cancellation of Yangpu's '555 and '787 Chinese character marks citing both likelihood of confusion and, in its amended petition for cancellation, fraud on the Patent and Trademark Office. That action is still pending.

45.     To this day, Defendants continue to use both its infringing Chinese character marks, and a mark confusingly similar to Plaintiff's THE VANTONE GROUP marks. Specifically, Defendants have offered and are offering real estate and financial services in New York City. Defendants, under a variety of names including THE VANTONE GROUP mark are marketing their newest project–the "China Center" in One World Trade Center–as "Vantone China Center," which is part of a 20-year lease signed in 2009 for five-and-a-half floors of the first tower of the rebuilt World Trade Center, slated to open by 2014.

46.     Plaintiff has recently learned that on April 9, 2012, Defendant Yangpu filed the Vamerica trademark applications for the English word VAMERICA below Chinese characters:



47.     In addition, Defendants have registered several domains wholly incorporating the dominant portion of Plaintiff's English language trademarks, including: www.vantoneusinc.com, www.vantoneusinc.net, www.vantoneusllc.com, www.vantoneusllc.net, www.vantoneus.com, and www.vantoneus.net.

48.     Finally, Plaintiff has discovered that on Defendants' website, www.vantone.com, Defendants have advertised one of their real estate projects and included a link designated "website:"–this hyperlink links to Plaintiff's website.

//

WIRTZ LAW APC
4365 Executive Drive, Suite 1460
San Diego, CA 92121
voice 858.259.5009 / fax 858.259.6008

# FIRST CLAIM FOR RELIEF

## Trademark Infringement

## (15 U.S.C. § 1114)

## Against All Defendants

49.     Plaintiff realleges and incorporates by reference each of the foregoing material allegations as though set forth in full at this point.

50.     Defendants are using the THE VANTONE GROUP mark, or the predominate VANTONE portion of it, and/or Chinese character marks which are phonetically confusingly similar to Plaintiff's VANTONE mark (including the Vamerica marks) in connection with the sale, offering for sale, distribution, and/or advertising of real estate services in such a manner as to cause actual confusion, as is likely to cause confusion, or to cause mistake, or to deceive consumers or potential consumers in violation of 15 U.S.C. § 1114.

51.     Defendants had actual notice and knowledge, and/or had constructive notice, of Plaintiff's ownership and registration of THE VANTONE GROUP trademarks prior to Defendants' adoption and use of their "Vantone" and/or Chinese character marks. Plaintiff's '724 trademark has been federally registered since October 5, 2010. Defendant Vantone did not file it's earliest applications for registration of "Vantone" or the Chinese character translation thereof (both on an intent to use basis) until December 31, 2010. Defendants therefore did not begin to use their confusingly similar marks until after they had notice of Plaintiff's federally registered THE VANTONE GROUP trademark.

52.     Defendants' use of marks confusingly similar to Plaintiff's THE VANTONE GROUP trademarks is without the consent of Plaintiff.

53.     Defendants' unauthorized use of marks confusingly similar to Plaintiff's THE VANTONE GROUP falsely indicates to consumers that Defendants' services are in some manner connected with, sponsored by, affiliated with, or related to Plaintiff.

54.     Defendants' unauthorized use of marks confusingly similar to Plaintiff's

WIRTZ LAW APC
4365 Executive Drive, Suite 1460
San Diego, CA 92121
voice 858.259.5009 / fax 858.259.6008

THE VANTONE GROUP is likely to cause, and has in fact caused consumers to be confused as to the source, nature, and quality of the goods Plaintiff offers.

55.   Plaintiff has been, is now, and will be irreparably injured and damaged by Defendants' trademark infringement.   In addition to Plaintiff's commissions which have been and will be diverted to Defendant as a result of consumer confusion, Plaintiff's trademark serves a unique function in representing intangible assets of Plaintiff such as its reputation and good will. Unless enjoined by the Court, Plaintiff will suffer further harm to its reputation, and goodwill each and every day that Defendants continue to use VANTONE and the confusingly similar Chinese character marks in connection with the sale, offering for sale, distribution, and/or advertising of their competing services. The past, present, and in particular future harm to Plaintiff's reputation and good will is difficult to value and therefore constitutes an injury for which Plaintiff has no adequate remedy at law.

56.   By reason of the foregoing, Defendants have committed and are continuing to commit trademark infringement in violation of 15 U.S.C. §1114.  As a direct and proximate result of Defendants' conduct, Plaintiff is entitled, pursuant to 15 U.S.C. §1117(a), to recovery of: (i) Defendants' profits related to all uses of any mark confusingly similar to Plaintiff's THE VANTONE GROUP trademark; (ii) any damages sustained by Plaintiff as a result of Defendants' conduct, the precise amount of which shall be established by Plaintiff at trial; and (iii) the costs of the action herein.

57.   Plaintiff is also entitled to the recovery of its attorney's fees to 15 U.S.C. §1117.

58.   Plaintiff also seeks a preliminary and permanent injunction to prohibit Defendants from any further use of any mark confusingly similar to Plaintiff's THE VANTONE GROUP trademark, or any iterations and transliterations thereof, in connection with the sale, offering for sale, distribution and/or advertising of any real estate and financial services, without Plaintiff's express written consent in advance.
//

WIRTZ LAW APC
4365 Executive Drive, Suite 1460
San Diego, CA 92121
voice 858.259.5009 / fax 858.259.6008

## SECOND CLAIM FOR RELIEF

### False Designation of Origin

### (15 U.S.C. § 1125(a))

### Against All Defendants

59.     Plaintiff realleges and incorporates by reference each of the foregoing material allegations as though set forth in full at this point.

60.     Defendants' use of their "Vantone" and/or Chinese character marks (including the Vamerica marks) is likely to cause confusion, to cause mistake, and/or to deceive as to Defendants affiliation, connection, or association with Plaintiff, and/or as to the origin, sponsorship, or approval of Defendants' product(s) by Plaintiff and constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a).

61.     Plaintiff has been, is now, and will be irreparably injured and damaged by Defendants' trademark infringement.   In addition to Plaintiff's commissions which have been and will be diverted to Defendant as a result of consumer confusion, Plaintiff's trademark serves a unique function in representing intangible assets of Plaintiff such as its reputation and good will. Unless enjoined by the Court, Plaintiff will suffer further harm to its reputation, and goodwill each and every day that Defendants continue to use VANTONE and the confusingly similar Chinese character marks in connection with the sale, offering for sale, distribution, and/or advertising of their competing services. The past, present, and in particular future harm to Plaintiff's reputation and good will is difficult to value and therefore constitutes an injury for which Plaintiff has no adequate remedy at law.

62.     By reason of the foregoing, Defendants have committed and are continuing to commit trademark infringement in violation of 15 U.S.C. §1114. As a direct and proximate result of Defendants' conduct, Plaintiff is entitled, pursuant to 15 U.S.C. §1117(a), to recovery of: (i) Defendants' profits related to all uses of any mark confusingly similar to Plaintiff's THE VANTONE GROUP trademark; (ii) any damages sustained by Plaintiff as a result of Defendants' conduct, the precise amount

WIRTZ LAW APC
4365 Executive Drive, Suite 1460
San Diego, CA 92121
voice 858.259.5009 / fax 858.259.6008

of which shall be established by Plaintiff at trial; and (iii) the costs of the action herein.

63.     In addition, Plaintiff is entitled to the recovery of its attorney's fees pursuant to 15 U.S.C. §1117.

64.     Plaintiff also seeks a preliminary and permanent injunction to prohibit Defendants from any further use of any mark confusingly similar to Plaintiff's THE VANTONE GROUP trademark, or any iterations thereof, in connection with the sale, offering for sale, distribution and/or advertising of any real estate services, without Plaintiff's express written consent in advance.

## THIRD CLAIM FOR RELIEF

### Cybersquatting

### (15 U.S.C. § 1125(d))

### Against All Defendants

65.     Plaintiff realleges and incorporates by reference each of the foregoing material allegations as though set forth in full at this point.

66.     Plaintiff registered the domain www.vantonegroup.com on April 13, 2006.

67.     Defendants have registered the domain names www.vantoneusinc.com, www.vantoneusinc.net, www.vantoneusllc.com, www.vantoneusllc.net, www.vantoneus.com, and www.vantoneus.net which are confusingly similar to THE VANTONE GROUP trademarks and constitutes cybersquatting under 15 U.S.C. § 1125(d).

68.     Defendants were aware of THE VANTONE GROUP trademarks prior to registering these domains. Defendants' cybersquatting is willful and deliberate. On or about October 14, 2012, Plaintiff notified Defendants that their registration of these domain names constitutes cyber-squatting.

69.     Plaintiff is entitled to statutory damages up to $100,000 per domain. Alternatively, Plaintiff is entitled to actual damages should they exceed statute limits.

70.     In addition as a result of Defendants' willful and deliberate violation of 15 U.S.C. §1125(d), Plaintiff is entitled to the recovery of its attorney's fees.

WIRTZ LAW APC
4365 Executive Drive, Suite 1460
San Diego, CA 92121
voice 858.259.5009 / fax 858.259.6008

71.     Plaintiff also seeks a preliminary and permanent injunction to prohibit Defendants from any further use of www.vantoneusinc.com, www.vantoneusinc.net, www.vantoneusllc.com, www.vantoneusllc.net, www.vantoneus.com, and www.vantoneus.net and requests that the Court transfer the domain names to the Plaintiff.

**FOURTH CLAIM FOR RELIEF**

**Cancellation of Fed. Reg. Nos. 4,230,555, 4,234,787, and 4,339,146**

**(15 U.S.C. §1064)**

**Against Defendant Yangpu**

72.     Plaintiff realleges and incorporates by reference each of the foregoing material allegations as though set forth in full at this point.

73.     Defendant Yangpu claims ownership of Registration Nos. 4,230,555, 4,234,787, and 4,339,146 for three Chinese character marks. These Chinese character marks all incorporate the following characters:

# 万通

Defendant's registrations claim that these characters transliterate to "WAN TONG" and means "ten thousand" and "through." This is false. These characters in fact translate to VANTONE. Technically, these characters transliterate to Wàn tōng, however, when said aloud by native speakers of Chinese, they are pronounced VANTONE. This is because there is no 'V' in the Chinese language ('W' is the closest sound), and tōng is pronounced "tone," with the 'g' sound being virtually silent.

74.     These registrations are therefore identical to, or, in the case of the '555 Registration wholly incorporate, the dominant VANTONE part of Plaintiff's trademark in both sound and meaning in a manner which is likely to cause confusion to consumers of Plaintiff's and Defendants' real estate services, and in particular to those consumers who are Chinese nationals.

WIRTZ LAW APC
4365 Executive Drive, Suite 1460
San Diego, CA 92121
voice 858.259.5009 / fax 858.259.6008

75.    Pursuant to the Lanham Act, the Court has jurisdiction to order the USPTO to make appropriate entries on the Federal Register with respect to the subject marks, and to cancel these marks due to the likelihood of confusion with Plaintiff's previously registered THE VANTONE GROUP marks.

## FIFTH CLAIM FOR RELIEF

### Infringement under NY Law

### (N.Y. Gen. Bus. Law § 360-k)

### Against All Defendants

76.    The Vantone Group realleges and incorporates by reference each of the foregoing material allegations as though set forth in full at this point.

77.    Vantone is the record owner of the New York State Service Mark THE VANTONE GROUP for real estate brokerage services (Reg. No. S21282)("the 'NY Service Mark")

78.    Defendants' unauthorized use of THE VANTONE GROUP trade name and trademark, and colorable imitations thereof in connection with the sale, offering for sale, or advertising of its services is likely to cause confusion or mistake or to deceive as to the source or origin of its services in violation of New York Gen. Bus. Law § 360-k.

79.    Upon information and belief, Defendants' infringement has been in bad faith with knowledge of The Vantone Group's rights.

80.    The Vantone Group has been, is now, and will be irreparably injured and damaged by Defendants' aforementioned acts, and unless enjoined by the Court, The Vantone Group will suffer further harm to its name, reputation, and goodwill.  This harm constitutes an injury for which The Vantone Group has no adequate remedy at law.

81.    Defendants have committed the acts alleged above: (i) with previous knowledge of Plaintiff's prior right to and use of the trademark; (ii) with the willful intent to trade on Plaintiff's good will and reputation; and (iii) with the willful intent

WIRTZ LAW APC
4365 Executive Drive, Suite 1460
San Diego, CA 92121
voice 858.259.5009 / fax 858.259.6008

to cause confusion, mistake, or deception.  As a result, Plaintiff is entitled to: (i) Defendants' profits related to all uses of The Vantone Group mark, and all iterations thereof; (ii) any damages sustained by Plaintiff as a result of Defendants' conduct, the precise amount of which shall be established by Plaintiff at trial; and (iii) the costs of the action herein.

82.     In addition, Plaintiff is entitled to the recovery of its attorney's fees, and treble damages.

83.     Plaintiff also seeks a preliminary and permanent injunction to prohibit Defendants from any further use of the The Vantone Group mark, or any iterations thereof, in connection with the advertising, marketing, promotion, sale and rendering of professional legal services, without Plaintiff's express written consent in advance.

## SIXTH CLAIM FOR RELIEF

### Injury to Business Reputation and Dilution under New York Law

### (N.Y. Gen. Bus. Law § 360-l)

### Against All Defendants

84.     The Vantone Group realleges and incorporates by reference each of the foregoing material allegations as though set forth in full at this point

85.     Defendants' unauthorized use of THE VANTONE GROUP name and trademark is likely to injure Plaintiff's business reputation, and has diluted, and/or is likely to dilute, the distinctive quality of THE VANTONE GROUP mark and trade name in violation of N.Y. Gen. Bus. Law § 360-l.

86.     Defendants willfully intended to trade on THE VANTONE GROUP's image and reputation and to dilute THE VANTONE GROUP trademark, or were willfully blind as to the consequences of their actions.

87.     Defendants' wrongful acts have caused and will continue to cause THE VANTONE GROUP irreparable harm.  THE VANTONE GROUP has no adequate remedy at law for Defendants' dilution.

88.     THE VANTONE GROUP is therefore entitled to a judgment enjoining

WIRTZ LAW APC
4365 Executive Drive, Suite 1460
San Diego, CA 92121
voice 858.259.5009 / fax 858.259.6008

1  and restraining Defendants from engaging in further acts of dilution pursuant to N.Y.
2  Gen. Bus. Law § 360-l.

3      89.    Defendants have committed the acts alleged above: (i) with previous
4  knowledge of Plaintiff's prior right to and use of the trademark; (ii) with the willful
5  intent to trade on Plaintiff's good will and reputation; and (iii) with the willful intent
6  to cause confusion, mistake, or deception. As a result, Plaintiff is entitled to: (i)
7  Defendants' profits related to all uses of THE VANTONE GROUP mark, and all
8  iterations thereof; (ii) any damages sustained by Plaintiff as a result of Defendants'
9  conduct, the precise amount of which shall be established by Plaintiff at trial; and (iii)
10 the costs of the action herein.

11     90.    In addition, Plaintiff is entitled to the recovery of its attorney's fees, and
12 treble damages.

13     91.    Plaintiff also seeks a preliminary and permanent injunction to prohibit
14 Defendants from any further use of the THE VANTONE GROUP mark, or any
15 iterations thereof, in connection with the advertising, marketing, promotion, sale and
16 rendering of professional legal services, without Plaintiff's express written consent in
17 advance.

## SEVENTH CLAIM FOR RELIEF

### Deceptive Business Acts or Practices

### (N.Y. Gen. Bus. Law § 349)

### Against All Defendants

22     92.    The Vantone Group realleges and incorporates by reference each of the
23 foregoing material allegations as though set forth in full at this point.

24     93.    Defendants' acts described above constitute deceptive acts or practices in
25 the conduct of a business, trade or commerce and/or in the furnishing of services in
26 violation of N.Y. Gen. Bus. Law § 349, as they are likely to deceive the public.

27     94.    Defendants' deceptive business acts and/or practices have caused and will
28 continue to cause The Vantone Group irreparable harm.

WIRTZ LAW APC
4365 Executive Drive, Suite 1460
San Diego, CA 92121
voice 858.259.5009 / fax 858.259.6008

95.    In addition to its actual damages, The Vantone Group is entitled to a judgment enjoining and restraining Defendants from engaging in further deceptive business acts and/or practices. Plaintiff seeks a preliminary and permanent injunction to prohibit Defendants from any further use of the The Vantone Group mark, or any iterations thereof, in connection with the advertising, marketing, promotion, sale and rendering of real estate services, without Plaintiff's express written consent in advance.

96.    Defendants have committed the acts alleged above willfully and knowingly and: (i) with previous knowledge of Plaintiff's prior right to and use of the trademark; (ii) with the willful intent to trade on Plaintiff's good will and reputation; and (iii) with the willful intent to cause confusion, mistake, or deception. As a result, Plaintiff is entitled to treble damages.

97.    In addition, Plaintiff is entitled to the recovery of its attorney's fees, and any penalties for which the law provides.

## EIGHTH CLAIM FOR RELIEF

### False Advertising

### (N.Y. Gen. Bus. Law § 350)

### Against All Defendants

98.    The Vantone Group realleges and incorporates by reference each of the foregoing material allegations as though set forth in full at this point.

99.    Defendants' unauthorized use of The Vantone Group trade name and trademark in its advertising constitutes false advertising in violation of N.Y. Gen. Bus. Law § 350.

100.    Defendants' wrongful acts have caused and will continue to cause The Vantone Group irreparable harm. The Vantone Group has no adequate remedy at law.

101.    The Vantone Group is entitled to a judgment enjoining and restraining Defendants from engaging in further acts of false advertising.

102.    Defendants have committed the acts alleged above: (i) with previous knowledge of Plaintiff's prior right to and use of the trademark; (ii) with the willful

WIRTZ LAW APC
4365 Executive Drive, Suite 1460
San Diego, CA 92121
voice 858.259.5009 / fax 858.259.6008

intent to trade on Plaintiff's good will and reputation; and (iii) with the willful intent to cause confusion, mistake, or deception.  As a result, Plaintiff is entitled to:  (i) Defendants' profits related to all uses of The Vantone Group mark, and all iterations thereof; (ii) any damages sustained by Plaintiff as a result of Defendants' conduct, the precise amount of which shall be established by Plaintiff at trial; and (iii) the costs of the action herein.

103.   In addition, Plaintiff is entitled to the recovery of its attorney's fees, and treble damages.

104.   Plaintiff also seeks a preliminary and permanent injunction to prohibit Defendants from any further use of the The Vantone Group mark, or any iterations thereof, in connection with the advertising, marketing, promotion, sale and rendering of professional legal services, without Plaintiff's express written consent in advance.

## NINTH CLAIM FOR RELIEF

### Use of Name with Intent to Deceive

### (N.Y. Gen. Bus. Law §133)

### Against All Defendants

105.   The Vantone Group realleges and incorporates by reference each of the foregoing material allegations as though set forth in full at this point.

106.   Defendants' use of VANTONE as and/or as part of its trade name is likely deceive or mislead the public as to Defendants' identity and/or Defendants' connection with Plaintiff, in violation of N.Y. Gen. Bus. Law § 133.

107.   Defendants' deceptive business acts and/or practices have caused and will continue to cause The Vantone Group irreparable harm.

108.   As a result of Defendants' violaiton of N.Y. Gen. Bus. Law § 133, The Vantone Group is entitled to a judgment enjoining and restraining Defendants from engaging in further use of VANTONE as, or as part of, their trade name. Plaintiff seeks a preliminary and permanent injunction to prohibit Defendants from any further use of the The Vantone Group mark, or any iterations thereof, in connection with the

WIRTZ LAW APC
4365 Executive Drive, Suite 1460
San Diego, CA 92121
voice 858.259.5009 / fax 858.259.6008

advertising, marketing, promotion, sale and rendering of real estate services, without Plaintiff's express written consent in advance.

## EIGHTH CLAIM FOR RELIEF

### Unjust Enrichment

### Against All Defendants

109. The Vantone Group realleges and incorporates by reference each of the foregoing material allegations as though set forth in full at this point.

110. As a result of the wrongful acts of Defendants, as alleged above, Defendants have been unjustly enriched and benefitted. Such unjust enrichment and benefits include, but are not limited to the amount of Defendants' revenues and profits attributable to the use of The Vantone Group mark, and all iterations thereof.

111. Defendants are under an obligation to pay Plaintiff, forthwith, the entire amount by which it has been unjustly enriched, and Plaintiff is entitled to the imposition of a constructive trust, such that Defendants are each involuntary trustees holding all such sums in its possession for the benefit of Plaintiff with a duty to transfer the same to Plaintiff forthwith.

112. Plaintiff also seeks a preliminary and permanent injunction to prohibit Defendants from any further use of the The Vantone Group mark, or any iterations thereof, in connection with the advertising, marketing, promotion, sale and rendering of professional legal services, without Plaintiff's express written consent in advance.

## TENTH CLAIM FOR RELIEF

### Declaratory Relief

### Against All Defendants

113. The Vantone Group realleges and incorporates by reference each of the foregoing material allegations as though set forth in full at this point.

114. A dispute exists between Plaintiff and Defendants concerning whether Defendants' use of Plaintiff's mark THE VANTONE GROUP (and/or the dominant portion thereof) and/or Defendants' Chinese character marks, is infringing use or is

WIRTZ LAW APC
4365 Executive Drive, Suite 1460
San Diego, CA 92121
voice 858.259.5009 / fax 858.259.6008

1  "part of a factually correct identification of a corporate relationship" as claimed by
2  Defendants.

3      115.  Plaintiffs claim that Defendants are using the mark in connection with the
4  distribution of goods and services to third parties and in other ways that infringe upon
5  Plaintiffs' marks.

6      116.  Defendants claim that Defendants' use is not used in connection with the
7  distribution of goods and services to third parties or in any other way that infringes
8  upon Plantiffs' marks because Defendants are using the marks to identify parent
9  companies, affiliates, and subsidiaries in the United States that include the mark
10  VANTONE in their names, but that are not in communication with customers in
11  connection with the distribution of goods or services in commerce.

12      117.  Defendants also contend there is no actual confusion.

13      118.  There is an actual and substantial dispute between Plaintiff and
14  Defendants arising under federal law which can only be resolved by judicial
15  interpretation of the provisions of the trademark and unfair competition statutes of the
16  United States.

17      119.  Plaintiff seeks a declaration from the court that the acts of Defendants
18  constitute infringement.

19      **WHEREFORE,** Plaintiff prays for relief as follows:

20      1.  Entry of an order and judgment requiring that Defendants and its officers,
21  agents, servants, employees, owners and representatives, and all other persons, firms
22  or corporations in active concert or participation with it, be enjoined and restrained
23  from (a) using in any manner THE VANONE GROUP mark, or any name, mark, or
24  domain name that wholly incorporates THE VANTONE GROUP mark or is
25  confusingly similar to or a colorable imitation of this mark, including, without
26  limitation, any trade name and trademark incorporating the term VANTONE; (b) doing
27  any act or thing calculated or likely to cause confusion or mistake in the minds of
28  members of the public, or prospective customers or clients of The VANTONE Group's

WIRTZ LAW APC
4365 Executive Drive, Suite 1460
San Diego, CA 92121
voice 858.259.5009 / fax 858.259.6008

services, as to the source of the services offered for sale or sold, or likely to deceive members of the public, or prospective customers or clients into believing that there is some connection between Defendants' services and The VANTONE GROUP; and (c) committing any acts which will tarnish, blur, or dilute, or are likely to tarnish, blur, or dilute the distinctive quality of THE VANTONE GROUP mark;

2.     A judgment ordering Defendants, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon The Vantone Group within thirty (30) days after entry of the injunction, a report writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction and ceased all services under THE VANTONE GROUP trade name and trademark as set forth above.

3.     A judgment ordering Defendants to take all steps necessary to transfer the domain names www.vantoneusinc.com, www.vantoneusinc.net, www.vantoneusllc.com, www.vantoneusllc.net, www.vantoneus.com, and www.vantoneus.net to Plaintiff and to remove all references to THE VANTONE GROUP trade name and trademark from all of their other websites, if any.

5.     A judgment in the amount of The Vantone Group'S actual damages, Defendants' profits, The Vantone Group's reasonable attorney's fees and cost of suit, and pre-judgment interest pursuant to 15 U.S.C. §1117.

6.     A judgment for enhanced damages under 15 U.S.C. §1117 and punitive damages under state law as appropriate.

7.     A judgment for statutory damages up to $100,000 per domain under 15 U.S.C. §1117(d) and attorney's fees.

8.     A declaration from the Court that:

a.     Trademark Registration No. 3,856,724 is valid and enforceable.

b.     Trademark Registration No. 4,238,285 is valid and enforceable.

c.     Defendants' use of VANTONE in connection with the sale, offering for sale, and/or advertising of services is likely to confuse consumers.

d.     Defendants' use of the Chinese characters:

WIRTZ LAW APC
4365 Executive Drive, Suite 1460
San Diego, CA 92121
voice 858.259.5009 / fax 858.259.6008

in connection with the sale, offering for sale, and/or advertising of services is likely to confuse consumers.

9.  A judgment cancelling the '555, '787, and '146 marks.

10.  A judgment granting The Vantone Group such other and further relief as the Court deems just and proper.

Respectfully Submitted,

DATED:  October 25, 2013

**WIRTZ LAW APC**

By: _____

Richard M. Wirtz
Attorney for Plaintiff

WIRTZ LAW APC
4365 Executive Drive, Suite 1460
San Diego, CA 92121
voice 858.259.5009 / fax 858.259.6008

# EXHIBIT 1

# United States of America

## United States Patent and Trademark Office

## The Vantone Group

**Reg. No. 3,856,724**

**Registered Oct. 5, 2010**

**Int. Cl.: 36**

**SERVICE MARK**

**PRINCIPAL REGISTER**

THE VANTONE GROUP, LLC (NEW YORK LIMITED LIABILITY COMPANY)
857 NINTH AVE #2B
NEW YORK, NY 10019

FOR: REAL ESTATE BROKERAGE, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 4-13-2006; IN COMMERCE 4-18-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "GROUP", APART FROM THE
MARK AS SHOWN.

SER. NO. 77-949,645, FILED 3-3-2010.

PAUL E. FAHRENKOPF, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

# EXHIBIT 2



# United States of America

## United States Patent and Trademark Office

# The Vantone Group

**Reg. No. 4,238,285**

**Registered Nov. 6, 2012**

**Int. Cl.: 36**

**SERVICE MARK**

**PRINCIPAL REGISTER**

THE VANTONE GROUP LLC (NEW YORK LIMITED LIABILITY COMPANY)
857 NINTH AVE #2B
NEW YORK, NY 10019

FOR: FINANCIAL AND INVESTMENT SERVICES, NAMELY, MANAGEMENT AND BROKERAGE IN THE FIELDS OF STOCKS, BONDS, OPTIONS, COMMODITIES, FUTURES AND OTHER SECURITIES, AND THE INVESTMENT OF FUNDS OF OTHERS, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 4-13-2006; IN COMMERCE 4-18-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 3,856,724.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "GROUP", APART FROM THE MARK AS SHOWN.

SN 85-212,437, FILED 1-7-2011.

ANDREW RHIM, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

> ***First Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) between the
> 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is
> accepted, the registration will continue in force for the remainder of the ten-year period, calculated
> from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a
> federal court.

> ***Second Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) **and** an
> Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between
> every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above
with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with
an extension of protection to the United States under the Madrid Protocol must timely file the Declarations
of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are
based on the U.S. registration date (not the international registration date). The deadlines and grace periods
for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.
*See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications
at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the
International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol,
before the expiration of each ten-year term of protection, calculated from the date of the international
registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration,
see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the
USPTO website for further information. With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at** http://www.uspto.gov.

# EXHIBIT 3

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 12/31/2014)

# Trademark/Service Mark Application, Principal Register

### Serial Number: 85618998
### Filing Date: 05/07/2012

---

**The table below presents the data as entered.**

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 85618998 |
| **MARK INFORMATION** | |
| *MARK | \\TICRS\EXPORT11\IMAGEOUT 11\856\189\85618998\xml1\APP0002.JPG |
| SPECIAL FORM | YES |
| USPTO-GENERATED IMAGE | NO |
| COLOR MARK | NO |
| *DESCRIPTION OF THE MARK (and Color Location, if applicable) | The mark consists of four Chinese characters. |
| PIXEL COUNT ACCEPTABLE | YES |
| PIXEL COUNT | 932 x 307 |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | The Vantone Group, LLC |
| *STREET | 857 Ninth Ave #2B |
| *CITY | New York |
| *STATE (Required for U.S. applicants) | New York |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE (Required for U.S. applicants only) | 10019 |

## LEGAL ENTITY INFORMATION

| | |
|---|---|
| **TYPE** | limited liability company |
| **STATE/COUNTRY WHERE LEGALLY ORGANIZED** | New York |

## GOODS AND/OR SERVICES AND BASIS INFORMATION

| | |
|---|---|
| **INTERNATIONAL CLASS** | 036 |
| **\*IDENTIFICATION** | Real Estate Brokerage |
| **FILING BASIS** | SECTION 1(a) |
| **FIRST USE ANYWHERE DATE** | At least as early as 05/06/2012 |
| **FIRST USE IN COMMERCE DATE** | At least as early as 05/06/2012 |
| **SPECIMEN FILE NAME(S)** | |
| **ORIGINAL PDF FILE** | SPE0-662712636-211628594_._Vantone_Group_-_CHINESE.pdf |
| **CONVERTED PDF FILE(S) (1 page)** | \\TICRS\EXPORT11\IMAGEOUT11\856\189\85618998\xml1\APP0003.JPG |
| **ORIGINAL PDF FILE** | SPE0-662712636-211628594_._Vantone_Group_-_ENGLISH.pdf |
| **CONVERTED PDF FILE(S) (1 page)** | \\TICRS\EXPORT11\IMAGEOUT11\856\189\85618998\xml1\APP0004.JPG |
| **SPECIMEN DESCRIPTION** | screen shots of the Chinese and English language pages of Applicant's website |

## ADDITIONAL STATEMENTS SECTION

| | |
|---|---|
| **DISCLAIMER** | No claim is made to the exclusive right to use GROUP apart from the mark as shown. |
| **PRIOR REGISTRATION(S)** | The applicant claims ownership of U.S. Registration Number(s) 3856724. |
| **TRANSLATION** | The English translation of the Chinese characters in the mark is THE VANTONE GROUP. |
| **TRANSLITERATION** | The non-Latin characters in the mark transliterate to Wàn Tong Jí Tuán and this means Ten Thousand Group in English. |
| **USE OF THE MARK IN ANOTHER FORM** | The mark was first used anywhere in a different form other than that sought to be registered at least as early as 04/13/2006, and in commerce at least as early as 04/18/2007. |

## ATTORNEY INFORMATION

| | |
|---|---|
| **NAME** | Thomas D. Foster |
| **ATTORNEY DOCKET NUMBER** | 6470.009-01 |
| **FIRM NAME** | TDFoster - Intellectual Property Law |
| **STREET** | 12626 High Bluff Drive, Suite 150 |
| **CITY** | San Diego |
| **STATE** | California |
| **COUNTRY** | United States |
| **ZIP/POSTAL CODE** | 92130 |
| **PHONE** | 858.922.2170 |
| **FAX** | 858.720.1990 |
| **EMAIL ADDRESS** | foster@tdfoster.com |
| **AUTHORIZED TO COMMUNICATE VIA EMAIL** | Yes |

## CORRESPONDENCE INFORMATION

| | |
|---|---|
| **NAME** | Thomas D. Foster |
| **FIRM NAME** | TDFoster - Intellectual Property Law |
| **STREET** | 12626 High Bluff Drive, Suite 150 |
| **CITY** | San Diego |
| **STATE** | California |
| **COUNTRY** | United States |
| **ZIP/POSTAL CODE** | 92130 |
| **PHONE** | 858.922.2170 |
| **FAX** | 858.720.1990 |
| **EMAIL ADDRESS** | foster@tdfoster.com |
| **AUTHORIZED TO COMMUNICATE VIA EMAIL** | Yes |

## FEE INFORMATION

| | |
|---|---|
| **NUMBER OF CLASSES** | 1 |
| **FEE PER CLASS** | 325 |

| *TOTAL FEE DUE | 325 |
|---|---|
| *TOTAL FEE PAID | 325 |
| **SIGNATURE INFORMATION** | |
| SIGNATURE | /Leonardo Gianella/ |
| SIGNATORY'S NAME | Leonardo Gianella |
| SIGNATORY'S POSITION | Member Manager |
| DATE SIGNED | 05/07/2012 |

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 12/31/2014)

## Trademark/Service Mark Application, Principal Register

**Serial Number: 85618998**
**Filing Date: 05/07/2012**

## To the Commissioner for Trademarks:

**MARK:** (Stylized and/or Design, see mark)
The applicant is not claiming color as a feature of the mark. The mark consists of four Chinese characters. The applicant, The Vantone Group, LLC, a limited liability company legally organized under the laws of New York, having an address of

    857 Ninth Ave #2B
    New York, New York 10019
    United States


requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

    International Class 036:  Real Estate Brokerage

In International Class 036, the mark was first used by the applicant or the applicant's related company or licensee or predecessor in interest at least as early as 05/06/2012, and first used in commerce at least as early as 05/06/2012, and is now in use in such commerce. The applicant is submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods and/or services, consisting of a(n) screen shots of the Chinese and English language pages of Applicant's website.

**Original PDF file:**
SPE0-662712636-211628594_._Vantone_Group_-_CHINESE.pdf
**Converted PDF file(s)** (1 page)
Specimen File1
**Original PDF file:**
SPE0-662712636-211628594_._Vantone_Group_-_ENGLISH.pdf
**Converted PDF file(s)** (1 page)
Specimen File1


No claim is made to the exclusive right to use GROUP apart from the mark as shown.

The applicant claims ownership of U.S. Registration Number(s) 3856724.

The English translation of the Chinese characters in the mark is THE VANTONE GROUP.

The non-Latin characters in the mark transliterate to Wàn Tong Jí Tuán and this means Ten Thousand Group in English.

The mark was first used anywhere in a different form other than that sought to be registered at least as early as 04/13/2006, and in commerce at least as early as 04/18/2007.

The applicant's current Attorney Information:
   Thomas D. Foster of TDFoster - Intellectual Property Law
   12626 High Bluff Drive, Suite 150
   San Diego, California 92130
   United States
The attorney docket/reference number is 6470.009-01.

 The applicant's current Correspondence Information:
    Thomas D. Foster
    TDFoster - Intellectual Property Law
    12626 High Bluff Drive, Suite 150
    San Diego, California 92130
    858.922.2170(phone)
    858.720.1990(fax)
    foster@tdfoster.com (authorized)

A fee payment in the amount of $325 has been submitted with the application, representing payment for 1 class(es).

### Declaration

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

### Declaration Signature

Signature: /Leonardo Gianella/   Date: 05/07/2012
Signatory's Name: Leonardo Gianella
Signatory's Position: Member Manager
RAM Sale Number: 7079
RAM Accounting Date: 05/08/2012

Serial Number: 85618998
Internet Transmission Date: Mon May 07 22:08:49 EDT 2012
TEAS Stamp: USPTO/BAS-66.27.126.36-20120507220849324
366-85618998-490a275f019c4718a604deb7e39
50a22243-CC-7079-20120507211628594478

万通集团

Create a unique
email address based
on your domain!

**Turbo Charged Web Hosting!**
Plans from $4.99/mo! Free setup & Email
FREE live 24/7 Live Support!

**Build your Web site Online in Minutes!**
Includes FREE Hosting & Email!
Complete creative packages from $3.99/mo!

This page is hosted free, courtesy of GoDaddy.com®
Copyright © 2011 GoDaddy.com. All Rights Reserved.

Visit GoDaddy.com for the best values on: Domain names, Web hosting and more! See product catalog.

**Domain names from $1.99**



万通集团
房地产

English    中文版

纽约房地产经纪和咨询公司

我们是纽约房地产公司,为客户提供专业的地产咨询与资产管理服务,以协助客户快速完成地产投资交易。我们看重服务质量,在尊重和互信的基础上,与客户建立良好的工作关系。万通集团与各项地产相关的专业人士合作,为客户提供地产相关业务服务,包括房地产贷款专员、建筑承包商、房产法务律师等……。不论您是否正在出售、购买或租赁,我们会尽力协助您各项服务,让您做出正确的决定并获取最佳的交易。

Vantone Group® 万通集团
410公园大道15楼
纽约市,纽约州 10022
电话:+1-212-252-2157
Email: info@vantonegroup.com

万通集团是纽约注册房地产经纪商

The Vantone Group LLC 万通集团有限责任公司, 保留所有权利



Create a unique
email address based
on your domain!
www.GoDaddy.com
GO

**Turbo Charged Web Hosting!**
Plans from $4.99/mo! Free setup & Email
FREE live 24/7 Live Support!

**Build your Web site Online in Minutes!**
Includes FREE Hosting & Email!
Complete creative packages from $3.99/mo!

This page is hosted free, courtesy of GoDaddy.com®
Copyright © 2011 GoDaddy.com. All Rights Reserved.

**Domain names from $1.99**
Visit GoDaddy.com for the best values on: Domain names, Web hosting and more! See product catalog.

# Vantone Group®

REAL ESTATE

English    中文版

▸▸Home   ▸▸About Us   ▸▸Development   ▸▸Asset Services



## Home

**We are a New York based Real Estate Brokerage and consulting company**

We provide investors with professional insights and advisory services to rapidly complete real estate transactions. We are widely recognized as one of the preeminent real estate companies in New York City.

We are known for developing quality working relationships with our clientele; relationships based on respect, integrity, and trust. The Vantone Group is proud to have developed beneficial relationships with lenders, inspectors, contractors, and a wide range of real estate professionals. Whether you are selling, purchasing or leasing we ensure that you have the support you need to make sound decisions and receive the best deal possible. We go the extra mile for you!

The agents at the Vantone Group take the time to listen to your needs. We work tirelessly to facilitate your goals without compromise. The Vantone Group is committed to treating every client as if they are our #1 priority.

If you are buying, selling, or looking to lease office space, we will be happy to speak with you.

**Vantone Group®**
410 Park Ave 15th Floor
New York NY 10022
Tel(212) 252-2157
Email: info@vantonegroup.com

The Vantone Group® is a licensed New York real estate broker

The Vantone Group LLC 万通房地产有限责任公司, 保留所有权利

# EXHIBIT 4

# New York State Department of State
## Certificate of Service Mark Registration

*I Daniel E. Shapiro, Special Deputy Secretary of State, do certify that the Service Mark described below and depicted on the attached copy has been duly registered in this Department pursuant to Article 24 of the General Business Law. This registration will remain in force for TEN years from the Date of Registration.*

| | | | |
|---|---|---|---|
| **Registration Number:** | S21282 | **Registration Date:** | 03/08/10 |

**Applicant:** **LEONARDO GIANELLA**
857 NINTH AVE. #2B
NEW YORK                    NY      10019-

**State of Incorporation or Partnership Organization:** NEW YORK

**Class Numbers:** 35

**Date First Used in NYS:** 04/27/2007          **Date First Used Anywhere:** 04/13/2006

**Service Mark Description:**
The Vantone Group

**Description of Services:**          *Real Estate Brokerage Services*



**WITNESS** my hand and the seal of the State of New York In the City of Albany on this:

**Wednesday, March 10, 2010**

by:

*Special Deputy Secretary of State*

*DOS-690 (Rev. 3/01)*

# EXHIBIT 5



2008 - 2010





**State of New York**
# Department of State
### DIVISION OF LICENSING SERVICES

FOR OFFICE USE ONLY

Control No. 862151

12041-08

Be it known that, pursuant to the provisions of
Article 12A of the Real Property Law

UNIQUE ID NUMBER
49GI1176276

VANTONE GROUP LLC
410 PARK AVE 15TH FL
NEW YORK NY 10022

EFFECTIVE DATE
MO. | DAY | YR.
02 | 10 | 2012

EXPIRATION DATE
MO. | DAY | YR.
02 | 09 | 2014

HAS BEEN DULY LICENSED TO TRANSACT
BUSINESS AS A REAL ESTATE BROKER
AND TO BE REPRESENTED BY
GIANELLA LEONARDO

In Witness Whereof, The Department of State has caused
its official seal to be hereunto affixed.

CESAR A. PERALES
SECRETARY OF STATE

DOS-104 (Rev. 4/03)