1  Richard M. Wirtz (SBN 137812)(*pro hac vice*)
   email:rwirtz@wirtzlaw.com
2  W I R T Z  L A W  APC
   4365 Executive Drive, Suite 1460
3  San Diego, California 92121
   voice:          858.259.5009
4
   Thomas D. Foster (SBN 213414)(*pro hac vice*)
5  TD Foster - Intellectual Property Law
   11622 El Camino Real, Suite 100
6  San Diego, CA 92130
   voice: 858.922.2170
7  email:foster@tdfoster.com

8  Attorneys for Plaintiff THE VANTONE GROUP
   LIMITED LIABILITY COMPANY
9

10

11              UNITED STATES DISTRICT COURT

12              SOUTHERN DISTRICT OF NEW YORK

13 | THE VANTONE GROUP LIMITED LIABILITY COMPANY, | Case Number: 13-CIV-7639-LTS
14 |                                              |
15 |     Plaintiff,                               | **THE VANTONE GROUP LIMITED LIABILITY COMPANY'S ANSWER TO COUNTERCLAIMS OF CHINA CENTER NEW YORK, LLC, VANTONE US INC., VANTONE PROPERTY NY LLC, VANTONE RESIDENCES LLC, AND VAMERICA LLC f/k/a VANTONE US LLC**
16 | v.                                           |
17 | YANGPU NGT INDUSTRIAL CO., LTD; VANTONE HOLDINGS CO., LTD.; CHINA CENTER NEW YORK LLC; VANTONE REALTY CORPORATION; VANTONE HOLDINGS, LTD; VANTONE PROPERTY NY LLC; VANTONE RESIDENCES LLC;VANTONE US LLC; VANTONE US INC. BEIJING VANTONE REAL ESTATE CO., LTD; BEIJING VANTONE ZHENGQI INVESTMENT MANAGEMENT COMPANY; HAINAN VANTONE YUFENG INVESTMENT CO., LTD; VAMERICA LLC; VAMERICA FUND LCC;DURST ORGANIZATION INC; 1 WORLD TRADE CENTER LLC; THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY; VANTONE INDUSTRIAL CO., LTD; BEIJING VANTONE INDUSTRY COMPANY; VANTONE INTERNATIONAL HOLDINGS; VANTONE INTERNATIONAL, LLC; VANTONE |

INTERNATIONAL GROUP, INC.; FENG LUN, an individual; JONATHAN HEATH, an individual; and DOES 1-10, inclusive.

　　　　Defendants.

CHINA CENTER NEW YORK, LLC; VANTONE US INC.; VANTONE PROPERTY NY LLC; VANTONE RESIDENCES LLC; and VAMERICA LLC f/k/a VANTONE US LLC

Counter-Claimants,

vs.

THE VANTONE GROUP LIMITED LIABILITY COMPANY,

Counter-Defendant

CHINA CENTER NEW YORK, LLC; VANTONE US INC.; VANTONE PROPERTY NY LLC; VANTONE RESIDENCES LLC; and VAMERICA LLC f/k/a VANTONE US LLC

Third Party Plaintiffs,

vs.

LEONARDO GIANELLA, an individual,

Third Party Defendant.

　　　　Counter-Defendant THE VANTONE GROUP LIMITED LIABILITY COMPANY ("The Vantone Group") hereby responds to the counter claims filed by CHINA CENTER NEW YORK, LLC; VANTONE US INC.; VANTONE PROPERTY NY LLC; VANTONE RESIDENCES LLC; and VAMERICA LLC f/k/a VANTONE US LLC (collectively the "US Vantone Companies" or "Counterclaimants") as follows. Unless specifically admitted, all allegations in the Counter-Complaint are denied:

　　　　1.　　The Vantone Group denies the allegations of paragraph 1 and further responds that the allegations contained in paragraph 1 state legal argument and conclusions to which no response is required.

　　　　2.　　The Vantone Group denies the allegations of paragraph 2 and further

responds that the allegations contained in paragraph 2 state legal argument and conclusions to which no response is required.

3. As paragraph 3 merely incorporates by reference certain paragraphs of The Vantone Group's Amended Complaint, no response is required.

4. On information and belief, The Vantone Group admits that Counterclaimants are affiliated with Defendant Vantone Holdings Co. Ltd., Defendant Yangpu NGT Industrial Co., Ltd., and defendant Beijing Vantone Real Estate Co., Ltd. And that together Counter-Defendants and the other named defendants operate an enterprise which generally calls itself "Vantone" and, through each of its subsidiaries and partner companies, had aggressively and wilfully infringed upon Plaintiff's trademarks. The Vantone Group denies the remainder of the allegations contained in paragraph 4.

5. The Vantone Group admits that Leonardo Gianella is the sole owner of The Vantone Group and has primary responsibility for the operation and management of the company, has the right and ability to supervise its activities, and has a direct financial interest in the company. The Vantone Group admits that Mr. Gianella, in his capacity as President of The Vantone Group, has signed declarations, applications, and statements of use submitted to the United States Patent and Trademark Office on behalf of The Vantone Group. The Vantone Group denies that Gianella has used The Vantone Group as an interchangeable alter ego for himself. The Vantone Group admits that Mr. Gianella is a New York resident, with a principal residence at 857 Ninth Ave., #2B, New York, NY 10019.

**JURISDICTION AND VENUE**

6. As paragraph 6 merely incorporates by reference certain paragraphs of The Vantone Group's Amended Complaint, no response is required.

7. The Vantone Group admits that this Court has subject matter jurisdiction over Counterclaimants' federal counterclaims and, while those claims survive, Counterclaimants' pendant state law counterclaims, but denies the remainder of paragraph 7.

1   8. The Vantone Group admits that venue is proper in this Court but denies the remainder of paragraph 8.

## GENERAL ALLEGATIONS

9. The Vantone Group denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and on that basis, denies same.

10. Based a review of publicly available documents, The Vantone Group admits that certain entities which are defendants in this action are developing a project at One World Trade Center which is alternatively called "China Center" or "Vantone China Center." The Vantone Group denies knowledge or information sufficient to form a belief as to the truth of the remainder of allegations contained in paragraph 10 and on that basis, denies same.

11. The Vantone Group denies knowledge or information sufficient to form a belief as to the truth of the remainder of allegations contained in paragraph 11 and on that basis, denies same.

12. The Vantone Group denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and respectfully refer the Court to Counter-claimants' **Exhibit D** for its complete contents.

13. The Vantone Group denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and respectfully refer the Court to Counter-claimants' **Exhibit E** for its complete contents.

14. The Vantone Group denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and respectfully refer the Court to Counter-claimants' **Exhibit F** for its complete contents.

15. The Vantone Group denies that Mr. Gianella's selection of "The Vantone Group" was influenced by a desire to profit from any of the Defendants in this case. The Vantone Group denies knowledge or information sufficient to form a belief as to the truth of the remainder of allegations contained in paragraph 15.

16. The Vantone Group admits that Mr. Gianella registered the domain name www.thevantonegroup.com on or about April 13, 2006. The Vantone Group denies the remainder of paragraph 16.

17. The Vantone Group admits that its date of first use, claimed on its application to register it's THE VANTONE GROUP trademark, is April 13, 2006. The Vantone Group denies the remainder of paragraph 17.

18. The Vantone Group admits that Mr. Gianella is the administrative contact for The Vantone Group's domain registration of www.vantonegroup.com, and admits that www.thevantonegroup.com redirects to vantonegroup.com. The Vantone Group denies the remainder of paragraph 18.

19. The Vantone Group admits that on March 25, 2012, Mr. Gianella registered corcoran.asia. The Vantone Group denies that Mr. Gianella is not associated with The Corcoran Group. Mr. Gianella used to be employed by the Corcoran Group and registered the domain in preparation for pitching an idea to his contact at The Corcoran Group. He never developed the pitch, abandoned the idea, and allowed the registration to expire. Upon review of publicly available information, corcoran.asia is currently "available." The Vantone Group respectfully refers the Court to Counter-claimants' **Exhibit G** for its complete contents and, based on a review of publicly available information including the URL http://www.enomcentral.com/whois/corcoran-asia.html, deny the remainder of paragraph 19.

20. Paragraph 20 merely refers to paragraph 10 of The Vantone Group's Amended Complaint and, as such, requires no response.

21. The Vantone Group denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and respectfully refer the Court to Counter-claimants' **Exhibit H** for its complete contents.

22. Paragraph 22 merely refers to paragraph 10 of The Vantone Group's Amended Complaint and, as such, requires no response.

23. The Vantone Group denies knowledge or information sufficient to form

a belief as to the truth of the allegations contained in paragraph 23 and respectfully refer the Court to Counter-claimants' **Exhibit I** for its complete contents.

24. The Vantone Group denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 and respectfully refer the Court to Counter-claimants' **Exhibits J and K** for their complete contents.

25. The Vantone Group denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 and respectfully refer the Court to Counter-claimants' **Exhibit L** for its complete contents.

26. The Vantone Group admits that Mr. Gianella, on behalf of The Vantone Group, registered New York Service Mark No. S21282 for THE VANTONE GROUP, denies that this registration was fraudulent, and respectfully refers the Court to Plaintiff's Exhibit 4 to the Amended Complaint for its complete and accurate contents.

27. The Vantone Group admit that Mr. Gianella, as president of The Vantone Group, filed for and was issued a federal trademark registration for THE VANTONE GROUP for real estate brokerage services in Class 36, that this registration is No. 3,856,724, that Mr. Gianella also, as president of The Vantone Group, filed for and was issued a federal trademark registration for THE VANTONE GROUP for financial and investment service, namely, management and brokerage in the fields of stocks, bonds, options, commodities, futures and other securities, and the investment funds of others in Class 36, that this registration is No. 4,238,285.

28. The Vantone Group denies paragraph 28, except that it admits that Mr. Gianella submitted applications and declarations to the United States trademark office to register THE VANTONE GROUP, and to the New York State Department of State to register THE VANTONE GROUP.

29. The Vantone Group denies the allegations of paragraph 29.

30. The Vantone Group admits that Gianella created The Vantone Group Limited Liability Company, registered www.thevantonegroup.com and vantonegroup.com, created websites hosted on these domains, and registered federal

and state trademarks. The Vantone Group admits that it filed trademark office proceedings against Defendant Yangpu. The Vantone Group denies the remainder of paragraph 30.

31. The Vantone Group admits that Mr. Gianella has made complaints regarding Defendants' infringement of The Vantone Group's trademarks, but denies the remainder of paragraph 31,

## FIRST CLAIM FOR RELIEF

## Declaratory Judgment That The Vantone Group LLC is the Alter Ego of Leonardo Gianella

32. The Vantone Group repeats its responses to all of the foregoing paragraphs set forth above as though fully set forth herein.

33. The Vantone Group denies paragraph 33.

34. The Vantone Group denies paragraph 34.

35. The Vantone Group admits that in or about June 2013, Mr. Gianella wrote the Commissioner of the USPTO stating that "My name is Leonardo Gianella and I own two registered marks" and that "[a]t this time I have a pending cancellation proceeding (TTAB Cancellation #92056759)." The Vantone Group denies that this letter is an "example" of any misconduct alleged by Counter-claimants. Mr. Gianella was speaking as sole owner and as an agent of The Vantone Group. The Vantone Group admits that it is the record owner of these two marks and that it initiated the cancellation proceeding, as alleged in its Amended Complaint. The Vantone Group denies the implication that there is any inconsistency between the letter to the commissioner and The Vantone Group's allegations in its Amended Complaint.

36. Paragraph 36 states legal conclusions to which no response is required. To the extent a response is required, The Vantone Group denies that Counter-claimants are entitled to any relief.

//

//

## SECOND CLAIM FOR RELIEF

## Unfair Competition and False Designation of Origin

## (15 U.S.C. §1125(a))

## Against All TVG Parties

37. The Vantone Group repeats its responses to all of the foregoing paragraphs set forth above as though fully set forth herein.

38. The Vantone Group denies paragraph 38.

39. The Vantone Group admits that Counter-Claimants' use of VANTONE, or any translation, transliteration, or composite mark containing VANTONE is likely to cause consumer confusion or mistake or to deceive consumers into believing that The Vantone Group and Defendants are somehow affiliated. The Vantone Group denies that it is The Vantone Group's legal use of its own federally registered trademarks which is likely to cause this confusion, but rather Defendants' infringing use of VANTONE, and translations, transliterations, and composite marks containing VANTONE, which is likely to cause confusion. The Vantone Group denies the remainder of paragraph 39 and further states that Paragraph 39 contains legal conclusions to which no responses is required.

40. Paragraph 40 contains legal conclusions to which no responses is required. To the extent a response is required, The Vantone Group denies paragraph 40.

41. Paragraph 41 contains legal conclusions to which no responses is required. To the extent a response is required, The Vantone Group denies paragraph 41.

42. Paragraph 42 contains legal conclusions to which no responses is required. To the extent a response is required, The Vantone Group denies paragraph 42.

43. Paragraph 43 contains legal conclusions to which no responses is required. To the extent a response is required, The Vantone Group denies paragraph 43.

//

//

//

## THIRD CLAIM FOR RELIEF

## Cancellation of Registration No. 3,856,724 for Non-Use

## (15 U.S.C. §§1064 and 1119)

## Against TVG LLC

44. The Vantone Group repeats its responses to all of the foregoing paragraphs set forth above as though fully set forth herein.

45. The Vantone Group admits paragraph 45.

46. The Vantone Group admits that it filed sworn statements stating that it owns THE VANTONE GROUP mark and was and is using the mark in connection with the applied-for and registered services. The Vantone Group denies the remainder of paragraph 46.

47. The Vantone Group denies paragraph 47.

48. Paragraph 48 contains legal conclusions to which no responses is required. To the extent a response is required, The Vantone Group denies paragraph 48.

49. Paragraph 49 contains legal conclusions to which no responses is required. To the extent a response is required, The Vantone Group denies paragraph 49.

## FOURTH CLAIM FOR RELIEF

## Cancellation of Registration No. 3,856,724 for Fraud on the USPTO

## (15 U.S.C. §§1064 and 1119)

## Against TVG LLC

50. The Vantone Group repeats its responses to all of the foregoing paragraphs set forth above as though fully set forth herein.

51. The Vantone Group denies paragraph 51.

52. Paragraph 52 contains legal conclusions to which no responses is required. To the extent a response is required, The Vantone Group denies paragraph 52.

53. Paragraph 53 contains legal conclusions to which no responses is required. To the extent a response is required, The Vantone Group denies paragraph 53.

//

## FIFTH CLAIM FOR RELIEF

## Cancellation of Registration No. 3,856,724 for Abandonment

## (15 U.S.C. §§1064 and 1119)

## Against TVG LLC

54. The Vantone Group repeats its responses to all of the foregoing paragraphs set forth above as though fully set forth herein.

55. The Vantone Group denies paragraph 55.

56. The Vantone Group denies paragraph 56.

57. The Vantone Group denies paragraph 57.

58. Paragraph 58 contains legal conclusions to which no responses is required. To the extent a response is required, The Vantone Group denies paragraph 58.

59. Paragraph 59 contains legal conclusions to which no responses is required. To the extent a response is required, The Vantone Group denies paragraph 59.

## SIXTH CLAIM FOR RELIEF

## Cancellation of Registration No. 3,856,724 for Prior Use

## (15 U.S.C. §§1064 and 1119)

## Against TVG LLC

60. The Vantone Group repeats its responses to all of the foregoing paragraphs set forth above as though fully set forth herein.

61. Paragraph 61 contains introductory language to which no response is required.

62. The Vantone Group denies paragraph 62.

63. Paragraph 63 contains legal conclusions to which no responses is required. To the extent a response is required, The Vantone Group denies paragraph 63.

64. Paragraph 64 contains legal conclusions to which no responses is required. To the extent a response is required, The Vantone Group denies paragraph 64.

//

//

## SEVENTH CLAIM FOR RELIEF

## Cancellation of Registration No. 4,238,285 for Non-Use

## (15 U.S.C. §§1064 and 1119)

## Against TVG LLC

65. The Vantone Group repeats its responses to all of the foregoing paragraphs set forth above as though fully set forth herein.

66. The Vantone Group admits paragraph 66.

67. The Vantone Group admits that it filed sworn statements stating that it owns THE VANTONE GROUP mark and was and is using the mark in connection with the applied-for and registered services. The Vantone Group denies the remainder of paragraph 67.

68. The Vantone Group denies paragraph 68.

69. Paragraph 69 contains legal conclusions to which no responses is required. To the extent a response is required, The Vantone Group denies paragraph 69.

70. Paragraph 70 contains legal conclusions to which no responses is required. To the extent a response is required, The Vantone Group denies paragraph 70.

## EIGHTH CLAIM FOR RELIEF

## Cancellation of Registration No. 4,238,285 for Fraud on the USPTO

## (15 U.S.C. §§1064 and 1119)

## Against TVG LLC

71. The Vantone Group repeats its responses to all of the foregoing paragraphs set forth above as though fully set forth herein.

72. The Vantone Group denies paragraph 72.

73. Paragraph 73 contains legal conclusions to which no responses is required. To the extent a response is required, The Vantone Group denies paragraph 73.

74. Paragraph 74 contains legal conclusions to which no responses is required. To the extent a response is required, The Vantone Group denies paragraph 74.

//

## NINTH CLAIM FOR RELIEF

### Cancellation of Registration No. 4,238,285 for Abandonment

### (15 U.S.C. §§1064 and 1119)

### Against TVG LLC

75. The Vantone Group repeats its responses to all of the foregoing paragraphs set forth above as though fully set forth herein.

76. The Vantone Group denies paragraph 76.

77. The Vantone Group denies paragraph 77.

78. The Vantone Group denies paragraph 78.

79. Paragraph 79 contains legal conclusions to which no responses is required. To the extent a response is required, The Vantone Group denies paragraph 79.

80. Paragraph 80 contains legal conclusions to which no responses is required. To the extent a response is required, The Vantone Group denies paragraph 80.

## TENTH CLAIM FOR RELIEF

### Cancellation of Registration No. 4,238,285 for Prior Use

### (15 U.S.C. §§1064 and 1119)

### Against TVG LLC

81. The Vantone Group repeats its responses to all of the foregoing paragraphs set forth above as though fully set forth herein.

82. Paragraph 82 contains introductory language to which no response is required.

83. The Vantone Group denies paragraph 83.

84. Paragraph 84 contains legal conclusions to which no responses is required. To the extent a response is required, The Vantone Group denies paragraph 84.

85. Paragraph 85 contains legal conclusions to which no responses is required. To the extent a response is required, The Vantone Group denies paragraph 85.

//

//

## ELEVENTH CLAIM FOR RELIEF

## Denial of Application No. 85618998

## (15 U.S.C. §§1064 and 1119)

## Against TVG LLC

86. The Vantone Group repeats its responses to all of the foregoing paragraphs set forth above as though fully set forth herein.

87. Paragraph 87 contains introductory language to which no response is required.

88. The Vantone Group denies paragraph 88.

89. Paragraph 89 contains legal conclusions to which no responses is required. To the extent a response is required, The Vantone Group denies paragraph 89.

90. The Vantone Group denies that this Court has jurisdiction over an application which has not matured to registration; the Court's power and jurisdiction over the trademark register is limited to lawsuits "involving a registered mark." 15 U.S.C. §1119.

## TWELFTH CLAIM FOR RELIEF

## Declaration of Invalidity of New York State Service Mark Reg. No. S21282

## Against Gianella

91. As the twelfth claim for relief is not directed to The Vantone Group, no response to paragraph 91 is required.

92. As the twelfth claim for relief is not directed to The Vantone Group, no response to paragraphs 92 is required.

93. As the twelfth claim for relief is not directed to The Vantone Group, no response to paragraphs 93 is required.

94. As the twelfth claim for relief is not directed to The Vantone Group, no response to paragraphs 94 is required.

95. As the twelfth claim for relief is not directed to The Vantone Group, no response to paragraphs 95 is required.

### THIRTEENTH CLAIM FOR RELIEF

### Injury to Business Reputation and Dilution under NY Law

### N.Y. Gen. Bus. Law §360-1

### Against All TVG Parties

96. The Vantone Group repeats its responses to all of the foregoing paragraphs set forth above as though fully set forth herein.

97. The Vantone Group denies paragraph 97.

98. Paragraph 98 contains legal conclusions to which no responses is required. To the extent a response is required, The Vantone Group denies paragraph 98.

### FOURTEENTH CLAIM FOR RELIEF

### False Advertising

### N.Y. Gen. Bus. Law §350

### Against All TVG Parties

99. The Vantone Group repeats its responses to all of the foregoing paragraphs set forth above as though fully set forth herein.

100. The Vantone Group denies paragraph 100.

101. The Vantone Group denies paragraph 100.

102. Paragraph 102 contains legal conclusions to which no responses is required. To the extent a response is required, The Vantone Group denies paragraph 102.

103. Paragraph 103 contains legal conclusions to which no responses is required. To the extent a response is required, The Vantone Group denies paragraph 103.

### FIFTEENTH CLAIM FOR RELIEF

### Deceptive Business Acts or Practices

### N.Y. Gen. Bus. Law §349

### Against All TVG Parties

104. The Vantone Group repeats its responses to all of the foregoing paragraphs

1  set forth above as though fully set forth herein.

2  105. Paragraph 105 contains legal conclusions to which no responses is
3  required. To the extent a response is required, The Vantone Group denies paragraph
4  105.

5  106. Paragraph 106 contains legal conclusions to which no responses is
6  required. To the extent a response is required, The Vantone Group denies paragraph
7  106.

8  107. Paragraph 107 contains legal conclusions to which no responses is
9  required. To the extent a response is required, The Vantone Group denies paragraph
10  107.

11  108. Paragraph 108 contains legal conclusions to which no responses is
12  required. To the extent a response is required, The Vantone Group denies paragraph
13  108.

## SIXTEENTH CLAIM FOR RELIEF

**Common Law Unfair Competition and Use of Name with Intent to Deceive**

**Against All TVG Parties**

17  109. The Vantone Group repeats its responses to all of the foregoing paragraphs
18  set forth above as though fully set forth herein.

19  110. The Vantone Group denies paragraph 110 and further state that Paragraph
20  110 contains legal conclusions to which no responses is required.

21  111. The Vantone Group denies paragraph 111 and further state that Paragraph
22  111 contains legal conclusions to which no responses is required.

23  112. The Vantone Group denies paragraph 112 and further state that Paragraph
24  112 contains legal conclusions to which no responses is required.

25  113. The Vantone Group denies paragraph 113 and further state that Paragraph
26  113 contains legal conclusions to which no responses is required.

27  //
28  //

## SEVENTEENTH CLAIM FOR RELIEF

### Tortious Interference

### Against All TVG Parties

114. The Vantone Group repeats its responses to all of the foregoing paragraphs set forth above as though fully set forth herein.

115. The Vantone Group denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115.

116. The Vantone Group admits that Mr. Gianella reported the fraud of Defendant Yangpu and Defendant Feng Lun to the Attorney General's office, Federal Bureau of Investigation and Department of Homeland security, and to the USPTO. The Vantone Group admits that Mr. Gianella wrote a letter to the commissioner of the USPTO accusing Defendant Yangpu and Defendant Feng Lun of fraud. The Vantone Group denies that this accusation was false.

117. The Vantone Group denies paragraph 117.

118. The Vantone Group denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118, and denies that The Vantone Group or Gianella wrongfully interfered with any of Counter-claimants relationships.

## EIGHTEENTH CLAIM FOR RELIEF

### Unjust Enrichment

### Against All TVG Parties

119. The Vantone Group repeats its responses to all of the foregoing paragraphs set forth above as though fully set forth herein.

120. The Vantone Group denies paragraph 120.

121. The Vantone Group denies paragraph 121 and further state that Paragraph 121 contains legal conclusions to which no responses is required

## AFFIRMATIVE DEFENSES

The Vantone Group asserts the following separate and affirmative defenses to the Counter-Complaint

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

As a first, separate and distinct affirmative defense, The Vantone Group alleges that the counterclaim fails to state facts sufficient to constitute any claim for relief against it.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

As a second, separate and distinct affirmative defense, The Vantone Group alleges that Counter-claimants lack standing to bring the claims asserted.

### THIRD AFFIRMATIVE DEFENSE
### (Statute of Limitations)

As a third, separate and distinct affirmative defense The Vantone Group alleges that the counter-complaint is barred by the applicable statute of limitations.  15 U.S.C. § 1064;  N.Y.Civ.Prac.Law §§ 213, 214, 215.

### FOURTH AFFIRMATIVE DEFENSE
### (Laches)

As a fourth, separate and distinct affirmative defense, The Vantone Group alleges that the counterclaims are barred by the doctrine of Laches.

### FIFTH AFFIRMATIVE DEFENSE
### (Waiver)

As a fifth, separate and distinct affirmative defense, The Vantone Group alleges that the counterclaims are barred by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE
### (Estoppel)

As a sixth, separate and distinct affirmative defense, The Vantone Group

alleges that the counterclaim is barred by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As a seventh, separate and distinct affirmative defense, The Vantone Group alleges that the counterclaim is barred in whole or in part by reason of Defendant's unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Entitlement to Relief Requested-"Denial of Application")

As an eighth, separate and distinct affirmative defense, and specifically with regards to Counter-claimants' eleventh supposed claim for relief, The Vantone Group alleges this federal court lacks jurisdiction over pending trademark applications which have not matured to registration. The Court's power and jurisdiction over the trademark register is limited to lawsuits "involving a registered mark." 15 U.S.C. §1119.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

As a ninth, separate and distinct affirmative defense The Vantone Group alleges that the counterclaim is barred by Defendant's failure to mitigate any alleged damages.

## TENTH AFFIRMATIVE DEFENSE

### (Res Judicata and Collateral Estoppel)

As a tenth, separate and distinct affirmative defense The Vantone Group alleges that the Counter-claims are barred by the doctrines of res judicata and collateral estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Abandonment)

As an eleventh, separate and distinct affirmative defense, The Vantone Group alleges that, to the extent any of the Counter-Claimants have any rights in the name "Vantone," or any translation, transliteration, or combination mark containing

"Vantone," Counter-claimants have abandoned said rights.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Entitlement to Relief Requested)

As a twelfth, separate and distinct affirmative defense, The Vantone Group alleges that, to the extent the Counter-complaint seeks attorneys fees and/or treble or punitive damages, Counter-claimants are not entitled to such relief.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Nominal Use)

As a thirteenth, separate and distinct affirmative defense, in the alternative and in the event that this Court finds that Counter-Claimants have any prior use of any of the marks in question, The Vantone Group alleges that such use was merely nominal and not trademark use.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Right to Assert Additional Defenses)

The Vantone Group reserves the right to assert additional, but as-of-yet-unstated affirmative defenses which may be available in the event that it becomes apparent after conducting discovery that such defenses are appropriate.

Respectfully Submitted,

DATED:   January 8, 2014          **WIRTZ LAW APC**

By: _/s/ Richard M. Wirtz_
Richard M. Wirtz
Attorney for The Vantone Group