Leodis C. Matthews (*pro hac vice*)
e-mail: leodis.matthews@dachenglaw.com
Kerry J. Kaltenbach (KK 8045)
e-mail: kerry.kaltenbach@dachenglaw.com
DACHENG LAW OFFICES LLP
Two Wall Street, 21st Floor
New York, NY  10005
Tel: (212) 380-8388
Fax: (212) 810-1995
*Attorneys for Vantone Holdings Co., Ltd., China Center New York LLC, Vantone Property NY*
*LLC, Vantone Residences LLC, Vamerica Fund LLC, Vantone US LLC n/k/a Vamerica LLC,*
*Vantone US Inc., Beijing Vantone Real Estate Co., Ltd. and Feng Lun.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE VANTONE GROUP LIMITED LIABILITY COMPANY,<br><br>Plaintiff,<br><br>- against -<br><br>YANGPU NGT INDUSTRIAL CO., LTD.; VANTONE HOLDINGS CO. LTD.; CHINA CENTER NEW YORK LLC; VANTONE REALTY CORPORATION; VANTONE HOLDINGS LTD.; VANTONE PROPERTY NY LLC; VANTONE RESIDENCES LLC; VANTONE US LLC; BEIJING VANTONE REAL ESTATE CO., LTD.; BEIJING VANTONE ZHENGQI INVESTMENT MANAGEMENT COMPANY; HAINAN VANTONE YUFENG INVESTMENT CO.; VAMERICA LLC; DURST ORGANIZATION INC.; 1 WORLD TRADE CENTER LLC; THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY; VANTONE INDUSTRIAL CO., LTD.; BEIJING VANTONE INDUSTRY COMPANY; VANTONE INTERNATIONAL HOLDINGS; VANTONE INTERNATIONAL, LLC; FENG LUN; JONATHAN HEATH; VAMERICA FUND LLC; VANTONE US INC.; and JOHN DOES 1-10,<br><br>Defendants. | Case No.: 13 Civ. 7639 (LTS)(FM)<br><br>**ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES OF DEFENDANTS CHINA CENTER NEW YORK LLC, VANTONE PROPERTY NY LLC, VANTONE RESIDENCES LLC, VAMERICA FUND LLC, VANTONE US LLC N/K/A VAMERICA LLC, AND VANTONE US INC.,**<br><br>**AND**<br><br>**COUNTERCLAIMS AND THIRD-PARTY COMPLAINT OF COUNTERCLAIMANTS / THIRD-PARTY PLAINTIFFS, CHINA CENTER NEW YORK, LLC; VANTONE US INC.; VANTONE PROPERTY NY LLC; VANTONE RESIDENCES LLC; AND VAMERICA LLC f/k/a VANTONE US LLC** |
| CHINA CENTER NEW YORK, LLC; VANTONE US | |

INC.; VANTONE PROPERTY NY LLC; VANTONE
RESIDENCES LLC; and VAMERICA LLC f/k/a
VANTONE US LLC

                              Third-Party Plaintiffs,

-against-

LEONARDO GIANELLA, an Individual,

                              Third-Party Defendant.

        Defendants China Center New York LLC, Vantone Property NY LLC, Vantone

Residences LLC, Vamerica Fund LLC, Vantone US LLC n/k/a Vamerica LLC, and Vantone US

Inc. (hereafter, the "Vantone US Defendants"), by and through their attorneys, DaCheng Law

Offices LLP, respond to and plead affirmative defenses to the allegations of the second amended

complaint (the "Second Amended Complaint") of Plaintiff The Vantone Group Limited Liability

Company ("Plaintiff" or "TVG LLC"), as follows:[1]

        1.      Based on a review of publicly available information the Vantone US Defendants

admit that TVG LLC is the record owner of Reg. No. 3,856,724, deny that such registration was

validly issued, and respectfully refer the Court to Plaintiff's **Exhibit 1** for its complete and

accurate contents.

        2.      Based on a review of publicly available information the Vantone US Defendants

admit that TVG LLC is the record owner of Reg. No. 4,238,285, deny that such registration was

validly issued, and respectfully refer the Court to Plaintiff's **Exhibit 2** for its complete and

accurate contents.

        3.      Based on a review of publicly available information the Vantone US Defendants

---

[1] The Vantone US Defendants state that they lack knowledge or information sufficient to form a belief as to the truth
of allegations directed at any other party other than themselves, and further state that when the complaint refers to
"Defendants" generally they are only responding as to their own actions and knowledge.

admit that TVG LLC submitted Application No. 85618998, deny that TVG LLC is entitled to a registration based on such application, and respectfully refer the Court to Plaintiff's **Exhibit 3** for its complete and accurate contents.

4.  The Vantone US Defendants deny the allegations of paragraph 4 of the Second Amended Complaint, and respectfully refer the Court to Plaintiff's **Exhibit 4** for its complete and accurate contents.

5.  The Vantone US Defendants deny the allegations of paragraph 5 of the Second Amended Complaint.

6.  The Vantone US Defendants deny the allegations of paragraph 6, and further respond that the allegations contained in paragraph 6 of the Second Amended Complaint state a legal conclusion to which no response is required.

### JURISDICTION

7.  The Vantone US Defendants admit that the Court has personal jurisdiction over them, but except as so admitted deny the allegations contained in paragraph 7 of the Second Amended Complaint.

8.  The Vantone US Defendants admit that the Court has subject matter jurisdiction over the action, but except as so admitted deny the allegations contained in paragraph 8 of the Second Amended Complaint.

9.  The Vantone US Defendants admit that venue in the Southern District of New York is proper, but except as so admitted deny the allegations contained in paragraph 9 of the Second Amended Complaint.

### THE PARTIES

10.  The Vantone US Defendants deny knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 10 of the Second Amended Complaint, except to state that they are informed and believe that the address provided in paragraph 10 is for Manhattan Business Center, a virtual office provider which leases virtual office space to TVG LLC, and respectfully refer the Court to Plaintiff's **Exhibit 5** for its complete and accurate contents.

11.    Based on a review of publicly available documents the Vantone US Defendants admit that (1) Yangpu NGT Industrial Co., Ltd. ("Yangpu") is a Chinese company and its publicly-recorded principal place of business at No. 236 Zhonghang Building YangupGuandhua Co., Hainan, China; (2) Yangpu is listed as the "Owner" of the marks on application nos. 85208425 and 85326938, and that those applications were abandoned; and (3) Yangpu is listed as "Owner" of trademark registration nos. 4230555 (Registration Date October 23, 2012), 4234787 (Registration Date October 30, 2012), 4339146 (Registration Date May 21, 2013), and application nos. 85593012 (Published for Opposition May 14, 2013), 85593004 (Published for Opposition May 14, 2013), 85592987 (Published for Opposition May 14, 2013), 85592980 (Published for Opposition May 14, 2013), 85592976 (Published for Opposition May 14, 2013), and 85592974 (Published for Opposition May 14, 2013), and respectfully refer the Court to those publicly available documents for their complete and accurate contents.  Except as so admitted, the allegations of paragraph 11 of the Second Amended Complaint are denied.

12.    Defendant Vantone US Inc. admits on information and belief that its sole shareholder is Beijing Vantone Industrial Co. Ltd.  Defendant Vantone US LLC n/k/a Vamerica LLC admits on information and belief that its sole member is Vantone US Inc.  Defendant China Center New York LLC admits on information and belief that Vantone US LLC n/k/a Vamerica LLC is its sole member.  Except as so admitted, the Vantone US Defendants deny knowledge or

information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Second Amended Complaint.  The Vantone US Defendants further state that paragraph 12 states a legal conclusion to which no response is required.

13.     Defendant China Center New York LLC admits that (1) it is a Delaware Corporation authorized to do business in the State of New York, (2) that it maintains offices at 7 World Trade Center, 33rd Fl, 250 Greenwich Street, New York, NY, 10007 (3) that it has signed a lease for space at One World Trade Center, and (4) publicly available records reveal that the domain names www.vantoneusinc.com and www.vantoneusllc.com were registered by Yan Ti. Defendant China Center New York LLC denies that is advertising, promoting and acquiring contracts in the form alleged.  Except as so admitted, the allegations of paragraph 13 of the Second Amended Complaint are denied.

14.     The Vantone US Defendants deny that any infringement has occurred with respect to Plaintiff's purported "THE VANTONE GROUP mark," and except as so denied, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Second Amended Complaint and respectfully direct the Court to Vantone Realty Corporation's May 5, 2012, Form S-1 for its complete and accurate contents.

15.     Defendants Vantone Residences LLC and Vantone Property NY LLC admit on information and belief that Vantone Holdings Ltd. are the sole members.  The Vantone US Defendants deny that any infringement has occurred with respect to Plaintiff's purported "THE VANTONE GROUP mark," and except as so admitted and denied, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Second Amended Complaint.

16.     Defendant Vantone Property NY LLC admits that it is a New York limited

5

liability company, whose registered agent for service is Defendant China Center New York LLC, and who maintains an office at 7 World Trade Center, 33rd Fl., 250 Greenwich Street, New York, NY 10007. Defendant Vantone Property NY LLC admits on information and belief that Vantone Holdings Ltd. is its sole member. Except as so admitted, Defendant Vantone Property NY LLC denies the allegations of paragraph 16 of the Second Amended Complaint.

17.     Defendant Vantone Residences LLC admits that it is a New York limited liability company, whose registered agent for service is Defendant China Center New York LLC, and who maintains an office at 7 World Trade Center, 33rd Fl., 250 Greenwich Street, New York, NY 10007. Defendant Vantone Residences LLC admits on information and belief that Vantone Holdings Ltd. is its sole member. Except as so admitted, Defendant Vantone Residences LLC denies the allegations of paragraph 17 of the Second Amended Complaint.

18.     Defendant Vantone US LLC is now known as Vamerica LLC, a named Defendant in this action, and it therefore respectfully refers the court to paragraph 23 of its answer to the Second Amended Complaint. Defendant Vamerica LLC admits on information and belief that its sole member is defendant Vantone US Inc., and that it is the sole member of China Center New York LLC.

19.     Defendant Vantone US Inc. admits it is a Delaware corporation, and states that its Registered Agent for Service is Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington DE 19801, and that it has a mailing address at 7 World Trade Center, 33rd Fl, 250 Greenwich Street, New York, NY 10007. Except as so admitted, Defendant Vantone US Inc. denies the allegations of paragraph 19 of the Second Amended Complaint.

20.     The Vantone US Defendants deny that Beijing Vantone Real Estate Co. Ltd. directs all of their activities, and further deny knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 20 of the Second Amended Complaint.  The Vantone US Defendants further state that paragraph 20 states a legal conclusion to which no response is required.

21.    The Vantone US Defendants deny that any infringement has occurred with respect to Plaintiff's purported "THE VANTONE GROUP mark," and except as so denied, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Second Amended Complaint.

22.    The Vantone US Defendants deny that any infringement has occurred with respect to Plaintiff's purported "THE VANTONE GROUP mark," and except as so denied, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Second Amended Complaint.

23.    Defendant Vamerica LLC f/k/a Vantone US LLC admits it is a Delaware limited liability company, and states that its Registered Agent for Service is Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington DE 19801 and that it has a mailing address at 7 World Trade Center, 33rd Fl, 250 Greenwich Street, New York, NY 10007. Defendant Vamerica LLC f/k/a Vantone US LLC admits on information and belief that Vantone US Inc. is its sole member, and that it is the sole member of China Center New York LLC. Except as so admitted, Defendant Vamerica LLC f/k/a Vantone US LLC denies the allegations of paragraph 23 of the Second Amended Complaint.

24.    Defendant Vamerica Fund LLC states that its Certificate of Formation was filed with the Delaware Secretary of State on October 1, 2012; that its registered office was designated as Corporation Trust Center, 1209 Orange Street, Wilmington Delaware, 10801; and that its Certificate of Cancellation was filed with the Delaware Secretary of State on March 12, 2013.

Except as so stated, Defendant Vamerica Fund LLC denies the allegations of paragraph 24, and further state that paragraph 24 of the Second Amended Complaint states a legal conclusion to which no response is required.

25.     The Vantone US Defendants deny that any infringement has occurred with respect to Plaintiff's purported "THE VANTONE GROUP mark," and except as so denied, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Second Amended Complaint.

26.     Defendant China Center New York LLC admits that it has signed a lease for space at One World Trade Center with 1 World Trade Center LLC.  The Vantone US Defendants deny that any infringement has occurred with respect to Plaintiff's purported "THE VANTONE GROUP mark," and except as so denied, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Second Amended Complaint.

27.     Defendant China Center New York LLC admits that it has signed a lease for space at One World Trade Center with 1 World Trade Center LLC, whose sole member appears to be The Port Authority of New York and New Jersey.  The Vantone US Defendants deny that any infringement has occurred with respect to Plaintiff's purported "THE VANTONE GROUP mark," and except as so denied, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Second Amended Complaint.

28.     The Vantone US Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Second Amended Complaint. The Vantone US Defendants further state that paragraph 28 states a legal conclusion to which no response is required.

29.     The Vantone US Defendants deny that any infringement has occurred with respect to Plaintiff's purported "THE VANTONE GROUP mark," and except as so denied, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Second Amended Complaint.

30.     [paragraph omitted]

31.     The Vantone US Defendants deny that any infringement has occurred with respect to Plaintiff's purported "THE VANTONE GROUP mark," and except as so denied, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Second Amended Complaint.

32.     The Vantone US Defendants deny that any infringement has occurred with respect to Plaintiff's purported "THE VANTONE GROUP mark," and except as so denied, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Second Amended Complaint.

33.     Based on a review of publicly available documents the Vantone US Defendants admit that Feng Lun appears to have signed trademark applications nos. 85208425, 85326938, 85208414 (Reg. No. 423055),  85326877 (Reg. No. 4234787), 85208410 (Reg. No. 4339146), 85593012, 85593004, 85592980, 85592976, 85592974, and respectfully refer the Court to those documents for their complete and accurate contents.  The Vantone US Defendants deny that any infringement has occurred with respect to Plaintiff's purported "THE VANTONE GROUP mark."  Defendant China Center New York LLC denies that Feng Lun is its member.  Except as so stated, the Vantone US Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Second Amended Complaint, and respectfully refer the Court to **Exhibit 6** for its complete and accurate contents.

9

34.     Defendant China Center New York LLC denies the allegations of paragraph 34 of the Second Amended Complaint in the form alleged.

35.     The Vantone US Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Second Amended Complaint.

36.     The Vantone US Defendants deny the allegations of paragraph 36 as to themselves, deny knowledge or information sufficient to form a belief as to the acts of others, and further respond that the allegations contained in paragraph 36 of the Second Amended Complaint state a legal conclusion to which no response is required.

## BACKGROUND

37.     The Vantone US Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Second Amended Complaint.

38.     The Vantone US Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Second Amended Complaint.

39.     Based on a review of publicly available information the Vantone US Defendants admit that TVG LLC is the record owner of Reg. No. 3,856,724, and deny that such registration was validly issued.

40.     Based on a review of publicly available information the Vantone US Defendants admit that TVG LLC is the record owner of Reg. No. 4,238,285, and deny that such registration was validly issued.  Except as so stated, the Vantone US Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the

Second Amended Complaint.

41.     Based on a review of publicly available information the Vantone US Defendants admit that application no. 85208425 was filed on December 31, 2010, and published for opposition on January 10, 2012.  Except as so admitted the Vantone US Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 41 of the Second Amended Complaint.

42.     Based on a review of publicly available information the Vantone US Defendants admit that application no. 85326938 was filed on May 5, 2011, under Section 1(b) (an intent to use basis), and that it was subsequently published for opposition on January 3, 2012.

43.     Based on a review of publicly available information the Vantone US Defendants admit (1) that opposition notices nos. 91203415 (for application no. 85208425) and 91203526 (for application no. 85326938) were filed on January 18, 2012, (2) that a "Withdrawal of Trademark Application Without Consent and With Prejudice" was filed for application nos. 85208425 and 85326938 on February 24, 2012; and (3) that judgment pursuant to Trademark Rule 2.135 was entered by the Trademark Trial and Appeal Board on March 3, 2012.  The Vantone US Defendants further state that a review of the same publicly available information reveals that (1) the a January 23, 2012, Correction Notice in opposition no. 91203415, set February 27, 2012, as Yangpu's time to Answer, (2) the January 25, 2012, notice in opposition no. 91203526 set March 5, 2012, as Yangpu's time to Answer.

44.     The Vantone US Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Second Amended Complaint.

45.     Based on a review of publicly available information the Vantone US Defendants

11

admit that trademark nos. 4230555, 4234787, and 4339146 were registered on October 23, 2012, October 30, 2012, and May 21, 2013, respectively, and except as so admitted deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Second Amended Complaint

46.    The Vantone US Defendants admit that Plaintiff TVG LLC filed trademark application no. 85618998 on or about May 7, 2012, but except as so admitted deny knowledge or information sufficient to form a belief as to the allegations in paragraph 46 of the Second Amended Complaint.

47.    Based on a review of publicly available information the Vantone US Defendants admit that a cancellation procedure no. 92056759 was filed before the U.S. Patent and Trademark Office, Trademark Trial and Appeal Board, and respectfully refer the court to the publicly available Second Amended Answer, Affirmative Defenses and Counterclaims of Yangpu, attached hereto as **Exhibit A**, for that action's summary.   The Vantone US Defendants admit that that action appears to still be pending.

48.    The Vantone US Defendants deny the allegations contained in paragraph 48 of the Second Amended Complaint.

49.    Based on a review of publicly available information the Vantone US Defendants admit that application no. 85592974 was filed on April 9, 2012, and respectfully refer the Court to the application for its complete and accurate contents.  Except as so admitted the Vantone US Defendants deny the allegations contained in paragraph 49 of the Second Amended Complaint.

50.    Based on a review of publicly available information the Vantone US Defendants admit that the domain names www.vantoneusinc.com, www.vantoneusinc.net, www.vantoneusllc.com, www.vantoneusllc.net, www.vantoneus.com, and www.vantoneus.net,

were registered by Yan Tai.    Except as so admitted the Vantone US Defendants deny the allegations contained in paragraph 50 of the Second Amended Complaint.

51.    The Vantone US Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Second Amended Complaint.

52.    The Vantone US Defendants deny the allegations contained in paragraph 52 which pertain to them, and except as so denied, deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 52.

**FIRST CLAIM FOR RELIEF**
**Trademark Infringement**
**(15 U.S.C. § 1114)**
**Against All Defendants**

53.    To the extent Plaintiff realleges and incorporates by reference the foregoing paragraphs, the Vantone US Defendants repeat and reallege their responses thereto.

54.    The Vantone US Defendants deny the allegations of paragraph 54 of the Second Amended Complaint.

55.    Based on a review of publicly available information the Vantone US Defendants admit that application nos. 85208414, 85326877, and 85208410 state that the Chinese characters 万通 transliterate to "Wan Tong" which means "ten thousand" and "through" in English. The Vantone US Defendands deny that those characters transliterate to "Vantone," deny knowledge or information sufficient to form a belief as to the other allegations in paragraph 55 of the Second Amended Complaint, and respectfully refer the Court to Plaintiffs **Exhibit 6** for its true and correct contents.

56.    The Vantone US Defendants deny the allegations of paragraph 56 of the Second

Amended Complaint.

57.    The Vantone US Defendants deny the allegations of paragraph 57 of the Second Amended Complaint.

58.    The Vantone US Defendants deny the allegations of paragraph 58 of the Second Amended Complaint.

59.    The Vantone US Defendants deny the allegations of paragraph 59 of the Second Amended Complaint.

60.    The Vantone US Defendants deny the allegations of paragraph 60, and further state that paragraph 59 of the Second Amended Complaint states legal conclusions to which no response is required.

61.    The Vantone US Defendants state that paragraph 61 of the Second Amended Complaint states legal conclusions to which no response is required.

62.    The Vantone US Defendants deny the allegations of paragraph 62, and further state that paragraph 61 of the Second Amended Complaint states legal conclusions to which no response is required.

63.    The Vantone US Defendants state that paragraph 63 of the Second Amended Complaint states legal conclusions to which no response is required.

### SECOND CLAIM FOR RELIEF
**False Designation of Origin**
**(15 U.S.C. § 1125(a))**
**Against All Defendants**

64.    To the extent Plaintiff realleges and incorporates by reference the foregoing paragraphs, the Vantone US Defendants repeat and reallege their responses thereto.

65.    The Vantone US Defendants deny the allegations of paragraph 65 of the Second Amended Complaint.

14

66.     The Vantone US Defendants deny the allegations of paragraph 66, and further state that paragraph 65 of the Second Amended Complaint states legal conclusions to which no response is required.

67.     The Vantone US Defendants deny the allegations of paragraph 66, and further state that paragraph 67 of the Second Amended Complaint states legal conclusions to which no response is required.

68.     The Vantone US Defendants deny the allegations of paragraph 68, and further state that paragraph 67 of the Second Amended Complaint states legal conclusions to which no response is required.

69.     The Vantone US Defendants state that paragraph 69 of the Second Amended Complaint states legal conclusions to which no response is required.

## THIRD CLAIM FOR RELIEF
### Cybersquatting
### (15 U.S.C. § 1125(d))
### Against All Defendants

70.     To the extent Plaintiff realleges and incorporates by reference the foregoing paragraphs, the Vantone US Defendants repeat and reallege their responses thereto.

71.     The Vantone US Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Second Amended Complaint.

72.     Based on a review of publicly available information the Vantone US Defendants admit that the domain names www.vantoneusinc.com, www.vantoneusinc.net, www.vantoneusllc.com, www.vantoneusllc.net, www.vantoneus.com, and www.vantoneus.net, were registered by Yan Tai.   Except as so admitted the Vantone US Defendants deny the allegations contained in paragraph 72 of the Second Amended Complaint.

15

73.     The Vantone US Defendants deny the allegations contained in paragraph 73 of the Second Amended Complaint.

74.     The Vantone US Defendants deny the allegations of paragraph 74, and further state that paragraph 73 of the Second Amended Complaint states legal conclusions to which no response is required.

75.     The Vantone US Defendants deny the allegations contained in paragraph 75 of the Second Amended Complaint.

76.     The Vantone US Defendants state that paragraph 76 of the Second Amended Complaint states legal conclusions to which no response is required.

**FOURTH CLAIM FOR RELIEF**
**Cancellation of Fed. Reg. Nos. 4,320,555, 4,234,787, and 4,339,146**
**(15 U.S.C. § 1125(d))**
**Against Defendant Yangpu**

77.     The Vantone US Defendants state that no response is required of them to paragraph 77 of the Second Amended Complaint, as the Fourth Claim For Relief is directed solely at Yangpu.

78.     The Vantone US Defendants state that no response is required of them to paragraph 78 of the Second Amended Complaint, as the Fourth Claim For Relief is directed solely at Yangpu.

79.     The Vantone US Defendants state that no response is required of them to paragraph 79 of the Second Amended Complaint, as the Fourth Claim For Relief is directed solely at Yangpu.

80.     The Vantone US Defendants state that no response is required of them to paragraph 80 of the Second Amended Complaint, as the Fourth Claim For Relief is directed solely at Yangpu.

81.     The Vantone US Defendants state that no response is required of them to paragraph 81 of the Second Amended Complaint, as the Fourth Claim For Relief is directed solely at Yangpu.

## FIFTH CLAIM FOR RELIEF
### Infringement under NY Law
### (N.Y. Gen. Bus. Law § 360-k)
### Against All Defendants

82.     To the extent Plaintiff realleges and incorporates by reference the foregoing paragraphs, the Vantone US Defendants repeat and reallege their responses thereto.

83.     The Vantone US Defendants deny the allegations of paragraph 83, and further state that paragraph 83 of the Second Amended Complaint states legal conclusions to which no response is required.

84.     The Vantone US Defendants deny the allegations of paragraph 84, and further state that paragraph 84 of the Second Amended Complaint states legal conclusions to which no response is required.

85.     The Vantone US Defendants deny the allegations contained in paragraph 85 of the Second Amended Complaint.

86.     The Vantone US Defendants deny the allegations contained in paragraph 86 of the Second Amended Complaint, and further state that paragraph 86 of the Second Amended Complaint states legal conclusions to which no response is required.

87.     Defendant Vantone US Defendants deny the allegations contained in paragraph 87 of the Second Amended Complaint.

88.     The Vantone US Defendants deny the allegations contained in paragraph 88 of the Second Amended Complaint.

89.     The Vantone US Defendants state that paragraph 89 of the Second Amended

Complaint states legal conclusions to which no response is required.

### SIXTH CLAIM FOR RELIEF
**Injury to Business Reputation and Dilution under NY Law**
**(N.Y. Gen. Bus. Law § 360-I)**
**Against All Defendants**

90.     To the extent Plaintiff realleges and incorporates by reference the foregoing paragraphs, the Vantone US Defendants repeat and reallege their responses thereto.

91.     The Vantone US Defendants state that paragraph 91 of the Second Amended Complaint states legal conclusions to which no response is required.

92.     The Vantone US Defendants deny the allegations contained in paragraph 92 of the Second Amended Complaint.

93.     The Vantone US Defendants deny the allegations contained in paragraph 93 of the Second Amended Complaint.

94.     The Vantone US Defendants deny the allegations contained in paragraph 94 of the Second Amended Complaint.

95.     The Vantone US Defendants deny the allegations contained in paragraph 95 of the Second Amended Complaint.

96.     The Vantone US Defendants deny the allegations contained in paragraph 96 of the Second Amended Complaint.

97.     The Vantone US Defendants state that paragraph 97 of the Second Amended Complaint states legal conclusions to which no response is required.

### SEVENTH CLAIM FOR RELIEF
**Deceptive Business Acts or Practices**
**(N.Y. Gen. Bus. Law § 349)**
**Against All Defendants**

98.     To the extent Plaintiff realleges and incorporates by reference the foregoing

paragraphs, the Vantone US Defendants repeat and reallege their responses thereto.

99.    The Vantone US Defendants deny the allegations contained in paragraph 99 of the Second Amended Complaint.

100.    The Vantone US Defendants deny the allegations contained in paragraph 100 of the Second Amended Complaint.

101.    The Vantone US Defendants deny the allegations of paragraph 101, and further state that paragraph 101 of the Second Amended Complaint states legal conclusions to which no response is required.

102.    The Vantone US Defendants deny the allegations contained in paragraph 102 of the Second Amended Complaint.

103.    The Vantone US Defendants deny the allegations contained in paragraph 103 of the Second Amended Complaint.

**EIGHTH CLAIM FOR RELIEF**
**False Advertising**
**(N.Y. Gen. Bus. Law § 350)**
**Against All Defendants**

104. To the extent Plaintiff realleges and incorporates by reference the foregoing paragraphs, the Vantone US Defendants repeat and reallege their responses thereto.

105. The Vantone US Defendants deny the allegations contained in paragraph 105 of the Second Amended Complaint.

106. The Vantone US Defendants deny the allegations contained in paragraph 106 of the Second Amended Complaint.

107. The Vantone US Defendants deny the allegations contained in paragraph 107 of the Second Amended Complaint

108. The Vantone US Defendants deny the allegations contained in paragraph 108 of

19

the Second Amended Complaint.

109.  The Vantone US Defendants deny the allegations contained in paragraph 109 of the Second Amended Complaint.

110.  The Vantone US Defendants deny the allegations contained in paragraph 110 of the Second Amended Complaint.

**NINTH CLAIM FOR RELIEF**
**Use of Name with Intent to Deceive**
**(N.Y. Gen. Bus. Law § 133)**
**Against All Defendants**

111.  To the extent Plaintiff realleges and incorporates by reference the foregoing paragraphs, the Vantone US Defendants repeat and reallege their responses thereto.

112.  The Vantone US Defendants deny the allegations contained in paragraph 112 of the Second Amended Complaint.

113.  The Vantone US Defendants deny the allegations contained in paragraph 113 of the Second Amended Complaint.

114.  The Vantone US Defendants deny the allegations contained in paragraph 114 of the Second Amended Complaint.

**TENTH CLAIM FOR RELIEF[2]**
**Unjust Enrichment**
**Against All Defendants**

115.  To the extent Plaintiff realleges and incorporates by reference the foregoing paragraphs, the Vantone US Defendants repeat and reallege their responses thereto.

116.  The Vantone US Defendants deny the allegations contained in paragraph 116 of the Second Amended Complaint.

117.  The Vantone US Defendants deny the allegations contained in paragraph 117 of

---

[2] Designated "Eighth" Claim for Relief a second time.

the Second Amended Complaint.

118.  The Vantone US Defendants state that paragraph 118 of the Second Amended Complaint states legal conclusions to which no response is required.

## ELEVENTH CLAIM FOR RELIEF[3]
### Declaratory Relief
### Against All Defendants

119.  To the extent Plaintiff realleges and incorporates by reference the foregoing paragraphs, the Vantone US Defendants repeat and reallege their responses thereto.

120.  The Vantone US Defendants admit that a dispute exists between them and Plaintiff, but except as so admitted deny Plaintiff's characterization of the dispute contained in paragraph 120 of the Second Amended Complaint.

121.  The Vantone US Defendants admit that Plaintiff alleges in paragraph 121 of the Second Amended Complaint that "Defendants are using the mark in connection with the distribution of goods and services to third parties and in other ways that infringe upon Plaintiffs' marks," but deny that Plaintiff's contention is true.

122.  The Vantone US Defendants admit that they do not infringe on any valid trademarks held by the Plaintiff, and except as so admitted state that paragraph 122 of the Second Amended Complaint contains legal conclusions to which no response is required.

123.  The Vantone US Defendants admit they are not currently aware of any actual confusion, but except as otherwise admitted deny the allegations contained in paragraph 123 of the Second Amended Complaint.

124.  The Vantone US Defendants state that paragraph 124 of the Second Amended Complaint states legal conclusions to which no response is required.

---

[3] Designated "Tenth" Claim for Relief.

125.  The Vantone US Defendants state that paragraph 125 of the Second Amended Complaint states legal conclusions to which no response is required.

### FIRST AFFIRMATIVE DEFENSE

126.  The Complaint fails to state a claim on which relief may be granted against the Vantone US Defendants.

### SECOND AFFIRMATIVE DEFENSE

127.  The Complaint should be stricken because it is not a short and plain statement of plaintiffs' claims against the Vantone US Defendants, and does not contain simple, concise and direct allegations against the Vantone US Defendants as required by Fed. R. Civ. P. 8.

### THIRD AFFIRMATIVE DEFENSE

128.  Plaintiff fails to establish a prima facie case for punitive damages and attorney's fees.

### FOURTH AFFIRMATIVE DEFENSE

129.  Plaintiff's alleged federal trademark registrations, nos. 3,856,724; 4,238,285; 85618998; and New York State Service Mark no. S21282, were fraudulently obtained and are invalid, unenforceable, and of no force or effect.

### FIFTH AFFIRMATIVE DEFENSE

130.  Assuming arguendo that Plaintiff owns valid registered trade and service marks, as noted in paragraph 128 above, the Vantone US Defendants have not infringed upon them.

### SIXTH AFFIRMATIVE DEFENSE

131.  Assuming arguendo that Plaintiff owns valid trade and service marks, as noted in paragraph 128 above, the Vantone US Defendants have not infringed upon them.

### SEVENTH AFFIRMATIVE DEFENSE

132.  Assuming arguendo that Plaintiff owned valid registered trade and service marks, as noted in paragraph 128 above, they were abandoned by Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

133.  Assuming arguendo that Plaintiff owned valid trade and service marks, as noted in paragraph 128 above, they were abandoned by Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

134.  Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, estoppel, acquiescence, waiver, and/or release.

### TENTH AFFIRMATIVE DEFENSE

135.  Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

136.  Plaintiff's claims are barred because Plaintiff has engaged in acts and courses of conduct which rendered it *in pari delicto*.

### TWELFTH AFFIRMATIVE DEFENSE

137.  Plaintiff's claims are barred because Plaintiff's injuries, if any, are due in whole or in part to the acts of Plaintiff

### THIRTEENTH AFFIRMATIVE DEFENSE

138.  Plaintiff has failed to mitigate its damages, if any, thereby precluding relief.

### FOURTEENTH AFFIRMATIVE DEFENSE

139.  Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.