

August 26, 2016

**<u>Via ECF</u>**
Honorable Judge Laura Taylor Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

RE:   The Vantone Group Limited Liability Company v. Yangpu NGT Industrial Company Ltd., et al
      Case No. 13-CIV-7639-LTS

Dear Judge Swain:

We represent Plaintiff The Vantone Group Limited Liability Company.  Your honor's July 15, 2016 Order granted Defendant Yangpu's motions to dismiss the Second Amended Complaint for insufficient service,

> without prejudice to Vantone's: (1) renewal of Hague Convention service efforts, within 45 days from the date of this order and after good faith efforts to ascertain Yangpu's address in China; and/or (2) initiation of motion practice within 45 days from the date hereof, seeking authorization of an alternative method of service, with any such motion practice to include a demonstration of diligent but unsuccessful efforts to ascertain Yangpu's address in China and a demonstration of good cause for authorization of the proposed alternative service method. The Second Amended Complaint will be dismissed as against Yangpu with prejudice should Vantone fail to take timely action consistent with this Memorandum Order and Opinion.(Dkt. #238.)

Immediately following this order, Plaintiff sought out an investigative service.  We located an international service company, Legal Language Services.  We then vetted this company and negotiated the terms of their engagement, and formally engaged them to conduct an investigation into Yangpu's address in China on August 10, 2016. My office received the results of this investigation on Tuesday, August 23, 2016, and we now believe that we have the correct address in China for Yangpu (as well as the Chinese name of Yangpu).  We have compiled the Hague packet and are only waiting on the translation of the Second Amended Complaint to be completed, which we expect to be completed by this Monday, August 29, 2016.  When that is completed, the packet will be ready to be sent to the Chinese Central Authority.  Once the Central Authority

**Honorable Judge Laura Taylor Swain**
August 26, 2016
Page 2

---

receives the packet, it may be several months before our office receives the proof of service back. This is based on our experience with serving the other Chinese entities in this case.

We write this letter to inform your honor that Plaintiff has, in compliance with your honor's order, made good faith efforts to ascertain Yangpu's address in China and that Hague Convention service efforts have been renewed within 45 days of your July 15, 2016 Order.

Plaintiff also requests that its deadline for the initiation of motion practice seeking authorization of an alternative method of service be extended, in the event that Plaintiff's current Hague Service efforts are unsuccessful.

Plaintiff also requests that it be granted ninety (90) days to file a proof of service or in the alternative to file another status update by letter and that the Second Amended Complaint not be dismissed as against Yangpu with prejudice during that ninety (90) day period.

Plaintiff has conferred with defense counsel, Lee Matthews, regarding Plaintiff's intent to make this request and Mr. Matthews has indicated that Defendants object to the request on the following grounds: "The Court' Order was issued with alternative conditions. You have elected to utilize the Hague Convention. If there is a need for your seeking further alternative measures, we believe you should explain those circumstances to the Court and we will have an opportunity to respond further as well."

Plaintiff and Defendant do not really disagree. Plaintiff merely wishes to clarify that it has the option of filing a motion (which could be opposed by Defendant) seeking authorization of an alternative method of service in the event that Plaintiff's current Hague Service efforts are unsuccessful.

Sincerely,

Richard M. Wirtz
Wirtz Law APC
rwirtz@wirtzlaw.com
*Counsel for Plaintiff The Vantone Group LLC*