Leodis C. Matthews (*pro hac vice*)
e-mail: leodismatthews@zhonglun.com
Kerry J. Kaltenbach
email: kerrykaltenbach@zhonglun.com
ZHONG LUN LAW FIRM
Two Wall Street, 21st Floor
New York, NY  10005
Tel: (212) 380-8388
Fax: (212) 810-1995

*Attorneys for Vantone Holdings Co., Ltd., China Center New York LLC, Vantone Property NY LLC, Vantone Residences LLC, Vamerica Fund LLC, Vantone US LLC n/k/a Vamerica LLC, Vantone US Inc., Beijing Vantone Real Estate Co., Ltd., Feng Lun and Yangpu NGT Industrial Co., Ltd.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE VANTONE GROUP LIMITED LIABILITY COMPANY,<br><br>        Plaintiff,<br><br>     - against -<br><br>YANGPU NGT INDUSTRIAL CO., LTD.; VANTONE HOLDINGS CO. LTD.; CHINA CENTER NEW YORK LLC; VANTONE REALTY CORPORATION; VANTONE HOLDINGS LTD.; VANTONE PROPERTY NY LLC; VANTONE RESIDENCES LLC; VANTONE US LLC; BEIJING VANTONE REAL ESTATE CO., LTD.; BEIJING VANTONE ZHENGQI INVESTMENT MANAGEMENT COMPANY; HAINAN VANTONE YUFENG INVESTMENT CO.; VAMERICA LLC; DURST ORGANIZATION INC.; 1 WORLD TRADE CENTER LLC; THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY; VANTONE INDUSTRIAL CO., LTD.; BEIJING VANTONE INDUSTRY COMPANY; VANTONE INTERNATIONAL HOLDINGS; VANTONE INTERNATIONAL, LLC; FENG LUN; JONATHAN HEATH; VAMERICA FUND LLC; VANTONE US INC.; and JOHN DOES 1-10,<br><br>        Defendants. | Case No.: 13 Civ. 7639 (LTS)(FM)<br><br><br>**ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES OF YANGPU NGT INDUSTRIAL CO., LTD.** |

CHINA CENTER NEW YORK, LLC; VANTONE US

INC.; VANTONE PROPERTY NY LLC; VANTONE
RESIDENCES LLC; and VAMERICA LLC f/k/a
VANTONE US LLC

                     Third-Party Plaintiffs,

-against-

LEONARDO GIANELLA, an Individual,

                     Third-Party Defendant.

Defendant Yangpu NGT Industrial Co., Ltd., ("Yangpu") by and through its attorneys, Zhong Lun Law Firm, responds to and pleads affirmative defenses to the allegations of the second amended complaint (the "Second Amended Complaint") of Plaintiff The Vantone Group Limited Liability Company ("Plaintiff" or "TVG LLC"), as follows:[1]

1. Based on a review of publicly available information Yangpu admits that TVG LLC is the record owner of Reg. No. 3,856,724, denies that such registration was validly issued, and respectfully refers the Court to Plaintiff's **Exhibit 1** for its complete and accurate contents.

2. Based on a review of publicly available information Yangpu admits that TVG LLC is the record owner of Reg. No. 4,238,285, denies that such registration was validly issued, and respectfully refers the Court to Plaintiff's **Exhibit 2** for its complete and accurate contents.

3. Based on a review of publicly available information Yangpu admits that TVG LLC submitted Application No. 85618998, denies that TVG LLC is entitled to a registration based on such application, and respectfully refers the Court to Plaintiff's **Exhibit 3** for its complete and accurate contents.

4. Yangpu denies the allegations of paragraph 4 of the Second Amended Complaint,

---

[1] Yangpu states that it lacks knowledge or information sufficient to form a belief as to the truth of allegations directed at any other party other than itself, and further states that when the complaint refers to "Defendants" generally it is only responding as to its own actions and knowledge.

and respectfully refers the Court to Plaintiff's **Exhibit 4** for its complete and accurate contents.

5.       Yangpu denies the allegations of paragraph 5 of the Second Amended Complaint.

6.       Yangpu denies the allegations of paragraph 6, and further responds that the allegations contained in paragraph 6 of the Second Amended Complaint states a legal conclusion to which no response is required, and to the extent that a response is required, denies it..

## JURISDICTION

7.       Yangpu admits that the Court has personal jurisdiction over it, and denies all other allegations contained in paragraph 7 of the Second Amended Complaint.

8.       Yangpu admits that the Court has subject matter jurisdiction over the action, but except as so admitted denies the allegations contained in paragraph 8 of the Second Amended Complaint.

9.       Yangpu admits that venue in the Southern District of New York is proper, but except as so admitted denies the allegations contained in paragraph 9 of the Second Amended Complaint.

## THE PARTIES

10.       Yangpu denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Second Amended Complaint, except to state that it is informed and believes that the address provided in paragraph 10 is for Manhattan Business Center, a virtual office provider which leases virtual office space to TVG LLC, and respectfully refers the Court to Plaintiff's **Exhibit 5** for its complete and accurate contents.

11.       Yangpu admits that (1) it is listed as the "Owner" of the marks on application nos. 85208425 and 85326938, and that those applications were abandoned; and (2) it is listed as "Owner" of trademark registration nos. 4230555 (Registration Date October 23, 2012), 4234787

3

(Registration Date October 30, 2012), 4339146 (Registration Date May 21, 2013), and application nos. 85593012 (Published for Opposition May 14, 2013), 85593004 (Published for Opposition May 14, 2013), 85592987 (Published for Opposition May 14, 2013), 85592980 (Published for Opposition May 14, 2013), 85592976 (Published for Opposition May 14, 2013), and 85592974 (Published for Opposition May 14, 2013), and respectfully refer the Court to those publicly available documents for their complete and accurate contents.  Except as so admitted, the allegations of paragraph 11 of the Second Amended Complaint are denied.

12.    Yangpu admits that Vantone Holdings Co., Ltd. is a Chinese company doing business at B-8, Vantone New World Plaza, #2, Fuchengmenwai Street, Xicheng District, Beijing, China, that its name was changed in 2010 from Beijing Vantone Industrial Co., Ltd. Yangpu further admits on information and belief that Vamerica LLC's sole member is or was Vantone US, Inc. and the China Center New York LLC's sole member is or was Vamerica LLC, that Yangpu's affiliate has leased space in One World Trade Center, and that Yangpu is in the business of real estate investment in China.  Except as so admitted, the allegations of paragraph 12 of the Second Amended Complaint are denied or denied as alleged.

13.    Yangpu admits that Defendant China Center New York LLC (1) is a Delaware Corporation authorized to do business in the State of New York, (2) maintains offices at 7 World Trade Center, 33rd Fl, 250 Greenwich Street, New York, NY, 10007 (3) has signed a lease for space at One World Trade Center, and (4) publicly available records reveal that the domain names www.vantoneusinc.com and www.vantoneusllc.com were registered by Yan Tai.  Yangpu denies that China Center New York LLC is advertising, promoting and acquiring contracts in the form alleged.  Except as so admitted, the allegations of paragraph 13 of the Second Amended Complaint are denied.

4

14.     Yangpu denies that any infringement has occurred with respect to Plaintiff's purported "THE VANTONE GROUP mark," and except as so denied, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Second Amended Complaint and on that basis denies them.

15.     Yangpu admits that Defendant Vantone Holdings Co., Ltd. is affiliated, related or a parent of one or more defendants, that it is or was the sole member of Vantone Residences LLC and Vantone Properties LLC, that it was at one time the sole member of Defendant China Center New York LLC.  Except as so admitted, the allegations of paragraph 15 of the Second Amended Complaint are denied.

16.     Yangpu admits on information and belief that Vantone Property NY LLC is or was a New York limited liability company, whose registered agent for service is or was Defendant China Center New York LLC, and which maintains or maintained an office at 7 World Trade Center, 33rd Fl., 250 Greenwich Street, New York, NY 10007.  Yangpu further admits on information and belief that Vantone Holdings Co., Ltd. is or was the sole member of Vantone Property NY LLC.  Except as so admitted, Yangpu denies the allegations of paragraph 16 of the Second Amended Complaint.

17.     Yangpu admits on information and belief that Defendant Vantone Residences LLC is or was a New York limited liability company, whose registered agent for service is Defendant China Center New York LLC, and which maintains an office at 7 World Trade Center, 33rd Fl., 250 Greenwich Street, New York, NY 10007.  Yangpu admits on information and belief that Vantone Residences LLC's sole member is or was Vantone Holdings Ltd.  Except as so admitted, Yangpu denies the allegations of paragraph 17 of the Second Amended Complaint.

5

18.     Yangpu admits on information and belief that Vamerica LLC had previously been known as Vantone US LLC.  Yangpu further admits on information and belief that China Center New York LLC's sole member was Vamerica LLC, and Vamerica LLC's sole member was Vantone US, Inc.  Except as so admitted, Yangpu denies the allegations of paragraph 18 of the Second Amended Complaint in the form alleged.

19.     Yangpu admits on information or belief that Defendant Vantone US Inc. is or was a Delaware corporation, and states that its Registered Agent for Service is or was Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington DE 19801, and that it has or had a mailing address at 7 World Trade Center, 33rd Fl,  250 Greenwich Street, New York, NY 10007.  Except as so admitted, Yangpu denies the allegations of paragraph 19 of the Second Amended Complaint.

20.     Yangpu admits that Beijing Vantone Real Estate Co. Ltd. is a Chinese entity, and is affiliated, related or a subsidiary of one or more of the other defendants, and denies in the form alleged that it is doing business in New York and has conducted presentations and produced and distributed brochures advertising and promoting the China Center.  Except as so admitted, Yangpu denies the allegations of paragraph 20 of the Second Amended Complaint.  Yangpu further state that paragraph 20 state legal conclusions to which no response is required, and to the extent that a response is required, denies them.

21.     Yangpu admits that Beijing Vantone Zhengqi Investment Management Company is or was an entity affiliated with one or more of the defendants and denies that any infringement has occurred with respect to Plaintiff's purported "THE VANTONE GROUP mark."  Except as so admitted, Yangpu denies the allegations in the form alleged of paragraph 21 of the Second Amended Complaint.

6

22.     Yangpu admits that Hainan Vantone Yufeng Investment Co. Ltd. is or was an entity affiliated with one or more defendants and denies that any infringement has occurred with respect to Plaintiff's purported "THE VANTONE GROUP mark."   Except as so admitted, Yangpu denies the allegations in the form alleged of paragraph 22 of the Second Amended Complaint.

23.     Yangpu admits that Defendant Vamerica LLC f/k/a Vantone China LLC is or was a Delaware limited liability company, and states that its Registered Agent for Service is or was Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington DE 19801 and that it has a mailing address at 7 World Trade Center, 33rd Fl, 250 Greenwich Street, New York, NY 10007.   Yangpu further admits that the sole member of Defendant Vamerica LLC f/k/a Vantone US LLC is or was Vantone US Inc., and that Vamerica LLC f/k/a Vantone US LLC is or was the sole member of China Center New York LLC.   Except as so admitted, Yangpu denies allegations of paragraph 23 of the Second Amended Complaint.

24.     Yangpu admits that Vamerica Fund LLC's Certificate of Formation was filed with the Delaware Secretary of State on October 1, 2012; that its registered office was designated as Corporation Trust Center, 1209 Orange Street, Wilmington Delaware, 10801; and that its Certificate of Cancellation was filed with the Delaware Secretary of State on March 12, 2013. Except as so stated, Yangpu denies the allegations of paragraph 24, and further states that paragraph 24 of the Second Amended Complaint states a legal conclusion to which no response is required, and to the extent a response is required, denies it.

25.     Yangpu denies that any infringement has occurred with respect to Plaintiff's purported "THE VANTONE GROUP mark," and except as so denied, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25

7

of the Second Amended Complaint and on that basis denies them.

26.     Yangpu admits that China Center New York LLC has signed a lease for space at One World Trade Center with 1 World Trade Center LLC.  Yangpu denies that any infringement has occurred with respect to Plaintiff's purported "THE VANTONE GROUP mark," and except as so denied, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Second Amended Complaint and on that basis denies them.

27.     Yangpu admits that China Center New York LLC has signed a lease for space at One World Trade Center with 1 World Trade Center LLC, whose sole member appears to be The Port Authority of New York and New Jersey.  Yangpu denies that any infringement has occurred with respect to Plaintiff's purported "THE VANTONE GROUP mark," and except as so denied, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Second Amended Complaint and on that basis denies them.

28.     Yangpu denies the allegations of paragraph 28 in the form alleged, and further states that paragraph 28 states a legal conclusion to which no response is required, and to the extent a response is required, denies it.

29.     Yangpu denies the allegations of paragraph 29 in the form alleged.

30.     [paragraph omitted]

31.     Yangpu denies that any infringement has occurred with respect to Plaintiff's purported "THE VANTONE GROUP mark," and except as so denied, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Second Amended Complaint and on that basis denies them.

32.     Yangpu denies that any infringement has occurred with respect to Plaintiff's

purported "THE VANTONE GROUP mark," and except as so denied, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Second Amended Complaint and on that basis denies them.

33.    Yangpu admits that Feng Lun is listed as the signatory on trademark applications nos. 85208425, 85326938, 85208414 (Reg. No. 423055), 85326877 (Reg. No. 4234787), 85208410 (Reg. No. 4339146), 85593012, 85593004, 85592980, 85592976, 85592974, and respectfully refers the Court to those documents for their complete and accurate contents. Yangpu further admits that Feng Lun was chairman of Vantone Holdings Co., Ltd.  Yangpu denies that any infringement has occurred with respect to Plaintiff's purported "THE VANTONE GROUP mark."  Except as so admitted and denied, Yangpu denies the allegations in the form alleged of paragraph 33 of the Second Amended Complaint.

34.    Yangpu denies the allegations of paragraph 34 of the Second Amended Complaint in the form alleged.

35.    Yangpu denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Second Amended Complaint.

36.    Yangpu denies the allegations of paragraph 36 as to themselves, denies knowledge or information sufficient to form a belief as to the acts of others and on that basis denies them, and further responds that the allegations contained in paragraph 36 of the Second Amended Complaint states a legal conclusion to which no response is required, and to the extent a response is required, denies it.

## BACKGROUND

37.    Yangpu denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Second Amended Complaint and on that basis

denies them.

38.    Yangpu denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Second Amended Complaint and on that basis denies them.

39.    Based on a review of publicly available information Yangpu admits that TVG LLC is the record owner of Reg. No. 3,856,724, and denies that such registration was validly issued.

40.    Based on a review of publicly available information Yangpu admits that TVG LLC is the record owner of Reg. No. 4,238,285, and denies that such registration was validly issued. Except as so stated, Yangpu denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Second Amended Complaint and on that basis denies them.

41.    Based on a review of publicly available information Yangpu admits that application no. 85208425 was filed on December 31, 2010, and published for opposition on January 10, 2012.  Except as so admitted Yangpu denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Second Amended Complaint and on that basis denies them.

42.    Based on a review of publicly available information Yangpu admist that application no. 85326938 was filed on May 5, 2011, under Section 1(b) (an intent to use basis), and that it was subsequently published for opposition on January 3, 2012.

43.    Yangpu admits (1) that opposition notices nos. 91203415 (for application no. 85208425) and 91203526 (for application no. 85326938) were filed on January 18, 2012, (2) that a "Withdrawal of Trademark Application Without Consent and With Prejudice" was filed for application nos. 85208425 and 85326938 on February 24, 2012; and (3) that judgment pursuant

to Trademark Rule 2.135 was entered by the Trademark Trial and Appeal Board on March 3, 2012.

44.    Yangpu denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Second Amended Complaint, and on the basis denies them.

45.    Based on a review of publicly available information Yangpu admits that trademark nos. 4230555,  4234787, and  4339146 were registered on October 23, 2012, October 30, 2012, and May 21, 2013, respectively, and except as so admitted denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Second Amended Complaint and on that basis denies them.

46.    Yangpu admits that Plaintiff TVG LLC filed trademark application no. 85618998 on or about May 7, 2012, but except as so admitted denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Second Amended Complaint and on that basis denies them.

47.    Yangpu admits that a cancellation procedure no. 92056759 was filed before the U.S. Patent and Trademark Office, Trademark Trial and Appeal Board, and respectfully refer the court to the publicly available Second Amended Answer and Affirmative Defenses.  Yangpu admits that that action appears to still be pending.

48.    Yangpu denies the allegations contained in paragraph 48 of the Second Amended Complaint.

49.    Yangpu denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Second Amended Complaint, and on that basis denies them.

50. Based on a review of publicly available information Yangpu admits that the domain names www.vantoneusinc.com, www.vantoneusinc.net, www.vantoneusllc.com, www.vantoneusllc.net, www.vantoneus.com, and www.vantoneus.net, were registered by Yan Tai. Except as so admitted Yangpu denies the allegations contained in paragraph 50 of the Second Amended Complaint.

51. Yangpu denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Second Amended Complaint and on that basis denies them.

52. Yangpu denies the allegations contained in paragraph 52 which pertain to them, and except as so denied, denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 and on that basis denies them.

### FIRST CLAIM FOR RELIEF
**Trademark Infringement**
**(15 U.S.C. § 1114)**
**Against All Defendants**

53. To the extent Plaintiff realleges and incorporates by reference the foregoing paragraphs, Yangpu repeats and reallegse their responses thereto.

54. Yangpu denies the allegations of paragraph 54 of the Second Amended Complaint.

55. Based on a review of publicly available information Yangpu admits that application nos. 85208414, 85326877, and 85208410 state that the Chinese characters 万通 transliterate to "Wan Tong" which means "ten thousand" and "through" in English. Yangpu denies that those characters transliterate to "Vantone," denies knowledge or information sufficient to form a belief as to the other allegations in paragraph 55 of the Second Amended Complaint and on that basis denies them, and respectfully refer the Court to Plaintiffs **Exhibit 6** for its true and correct

contents.

56.     Yangpu denies the allegations of paragraph 56 of the Second Amended Complaint.

57.     Yangpu denies the allegations of paragraph 57 of the Second Amended Complaint.

58.     Yangpu denies the allegations of paragraph 58 of the Second Amended Complaint.

59.     Yangpu denies the allegations of paragraph 59 of the Second Amended Complaint.

60.     Yangpu denies the allegations of paragraph 60, and further states that paragraph 59 of the Second Amended Complaint states legal conclusions to which no response is required, and to the extent a response is required, denies them.

61.     Yangpu states that paragraph 61 of the Second Amended Complaint states legal conclusions to which no response is required, and to the extent a response is required, denies them.

62.     Yangpu denies the allegations of paragraph 62, and further states that paragraph 62 of the Second Amended Complaint states legal conclusions to which no response is required, and to the extent a response is required, denies them.

63.     Yangpu statse that paragraph 63 of the Second Amended Complaint states legal conclusions to which no response is required, and to the extent a response is required, denies them.

<u>**SECOND CLAIM FOR RELIEF**</u>
**False Designation of Origin**
**(15 U.S.C. § 1125(a))**
**Against All Defendants**

64.     To the extent Plaintiff realleges and incorporates by reference the foregoing paragraphs, Yangpu repeats and realleges their responses thereto.

65.     Yangpu denies the allegations of paragraph 65 of the Second Amended Complaint.

66.     Yangpu denies the allegations of paragraph 66, and further states that paragraph 66

13

of the Second Amended Complaint states legal conclusions to which no response is required, and to the extent a response is required, denies them.

67.    Yangpu denies the allegations of paragraph 67, and further states that paragraph 67 of the Second Amended Complaint states legal conclusions to which no response is required, and to the extent a response is required, denies them.

68.    Yangpu denies the allegations of paragraph 68, and further states that paragraph 68 of the Second Amended Complaint states legal conclusions to which no response is required, and to the extent a response is required, denies them.

69.    Yangpu states that paragraph 69 of the Second Amended Complaint states legal conclusions to which no response is required, and to the extent a response is required, denies them.

**THIRD CLAIM FOR RELIEF**
**Cybersquatting**
**(15 U.S.C. § 1125(d))**
**Against All Defendants**

70.    To the extent Plaintiff realleges and incorporates by reference the foregoing paragraphs, Yangpu repeats and realleges their responses thereto.

71.    Yangpu denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Second Amended Complaint and on that basis denies them.

72.    Based on a review of publicly available information Yangpu admits that the domain names www.vantoneusinc.com, www.vantoneusinc.net, www.vantoneusllc.com, www.vantoneusllc.net, www.vantoneus.com, and www.vantoneus.net, were registered by Yan Tai.   Except as so admitted Yangpu denies the allegations contained in paragraph 72 of the Second Amended Complaint.

73.    Yangpu denies the allegations contained in paragraph 73 of the Second Amended Complaint.

74.    Yangpu denies the allegations of paragraph 74, and further state that paragraph 74 of the Second Amended Complaint states legal conclusions to which no response is required, and to the extent a response is required, denies them.

75.    Yangpu denies the allegations contained in paragraph 75 of the Second Amended Complaint.

76.    Yangpu states that paragraph 76 of the Second Amended Complaint states legal conclusions to which no response is required, and to the extent a response is required, denies them.

<u>FOURTH CLAIM FOR RELIEF</u>
**Cancellation of Fed. Reg. Nos. 4,320,555, 4,234,787, and 4,339,146**
**(15 U.S.C. § 1125(d))**
**Against Defendant Yangpu**

77.    To the extent Plaintiff realleges and incorporates by reference the foregoing paragraphs, Yangpu repeats and realleges their responses thereto.

78.    Yangpu admits that it claims ownership of Registration Nos. 4,230,555, 4,234,787 and 4,339,146 which incorporate the Chinese characters: 万通 .  Yangpu states that the Chinese characters 万通 transliterate to "Wan Tong" which means "ten thousand" and "through" in English.  Yangpu denies that those characters transliterate to "Vantone." Except as so admitted Yangpu denies the allegations contained in paragraph 78 of the Second Amended Complaint.

79.    Yangpu denies the allegations of paragraph 79 of the Second Amended Complaint.

80.    Yangpu denies the allegations of paragraph 70 of the Second Amended Complaint

and respectfully refer the Court to Plaintiff's **Exhibit 7** for its complete and accurate contents

81.    Yangpu states that paragraph 81 of the Second Amended Complaint states legal conclusions to which no response is required, and denies that the plaintiff is entitled to the relief to which it claims it is entitled.

**<u>FIFTH CLAIM FOR RELIEF</u>**
**Infringement under NY Law**
**(N.Y. Gen. Bus. Law § 360-k)**
**Against All Defendants**

82.    To the extent Plaintiff realleges and incorporates by reference the foregoing paragraphs, Yangpu repeats and realleges its responses thereto.

83.    Yangpu denies the allegations of paragraph 83, and further states that paragraph 83 of the Second Amended Complaint states legal conclusions to which no response is required, and to the extent a response is required, denies them.

84.    Yangpu denies the allegations of paragraph 84, and further states that paragraph 84 of the Second Amended Complaint states legal conclusions to which no response is required, and to the extent a response is required, denies them.

85.    Yangpu denies the allegations contained in paragraph 85 of the Second Amended Complaint.

86.    Yangpu denies the allegations contained in paragraph 86 of the Second Amended Complaint, and further states that paragraph 86 of the Second Amended Complaint states legal conclusions to which no response is required, and to the extent a response is required, denies them.

87.    Yangpu denies the allegations contained in paragraph 87 of the Second Amended Complaint.

88.    Yangpu denies the allegations contained in paragraph 88 of the Second Amended

Complaint.

89.    Yangpu states that paragraph 89 of the Second Amended Complaint states legal conclusions to which no response is required, and to the extent a response is required, denies them.

## SIXTH CLAIM FOR RELIEF
### Injury to Business Reputation and Dilution under NY Law
### (N.Y. Gen. Bus. Law § 360-I)
### Against All Defendants

90.    To the extent Plaintiff realleges and incorporates by reference the foregoing paragraphs, Yangpu repeats and realleges its responses thereto.

91.    Yangpu states that paragraph 91 of the Second Amended Complaint states legal conclusions to which no response is required, and to the extent a response is required, denies them.

92.    Yangpu denies the allegations contained in paragraph 92 of the Second Amended Complaint.

93.    Yangpu denies the allegations contained in paragraph 93 of the Second Amended Complaint.

94.    Yangpu denies the allegations contained in paragraph 94 of the Second Amended Complaint.

95.    Yangpu denies the allegations contained in paragraph 95 of the Second Amended Complaint.

96.    Yangpu denies the allegations contained in paragraph 96 of the Second Amended Complaint.

97.    Yangpu states that paragraph 97 of the Second Amended Complaint states legal conclusions to which no response is required, and to the extent a response is required, denies

them.

## SEVENTH CLAIM FOR RELIEF
**Deceptive Business Acts or Practices**
**(N.Y. Gen. Bus. Law § 349)**
**Against All Defendants**

98.    To the extent Plaintiff realleges and incorporates by reference the foregoing paragraphs, Yangpu repeats and realleges its responses thereto.

99.    Yangpu denies the allegations contained in paragraph 99 of the Second Amended Complaint.

100.  Yangpu denies the allegations contained in paragraph 100 of the Second Amended Complaint.

101.  Yangpu denies the allegations of paragraph 101, and further state that paragraph 101 of the Second Amended Complaint states legal conclusions to which no response is required, and to the extent a response is required, denies them.

102.  Yangpu denies the allegations contained in paragraph 102 of the Second Amended Complaint.

103.  Yangpu denies the allegations contained in paragraph 103 of the Second Amended Complaint.

## EIGHTH CLAIM FOR RELIEF
**False Advertising**
**(N.Y. Gen. Bus. Law § 350)**
**Against All Defendants**

104.  To the extent Plaintiff realleges and incorporates by reference the foregoing paragraphs, Yangpu repeats and realleges its responses thereto.

105.  Yangpu denies the allegations contained in paragraph 105 of the Second Amended Complaint.

18

106.   Yangpu denies the allegations contained in paragraph 106 of the Second Amended Complaint.

107.   Yangpu denies the allegations contained in paragraph 107 of the Second Amended Complaint

108.   Yangpu denies the allegations contained in paragraph 108 of the Second Amended Complaint.

109.   Yangpu denies the allegations contained in paragraph 109 of the Second Amended Complaint.

110.   Yangpu denies the allegations contained in paragraph 110 of the Second Amended Complaint.

**NINTH CLAIM FOR RELIEF**
**Use of Name with Intent to Deceive**
**(N.Y. Gen. Bus. Law § 133)**
**Against All Defendants**

111.   To the extent Plaintiff realleges and incorporates by reference the foregoing paragraphs, Yangpu repeats and realleges its responses thereto.

112.   Yangpu denies the allegations contained in paragraph 112 of the Second Amended Complaint.

113.   Yangpu denies the allegations contained in paragraph 113 of the Second Amended Complaint.

114.   Yangpu denies the allegations contained in paragraph 114 of the Second Amended Complaint.

## TENTH CLAIM FOR RELIEF[2]
### Unjust Enrichment
### Against All Defendants

115.  To the extent Plaintiff realleges and incorporates by reference the foregoing paragraphs, Yangpu repeats and reallege its responses thereto.

116.  Yangpu denies the allegations contained in paragraph 116 of the Second Amended Complaint.

117.  Yangpu denies the allegations contained in paragraph 117 of the Second Amended Complaint.

118.  Yangpu state that paragraph 118 of the Second Amended Complaint states legal conclusions to which no response is required, and to the extent a response is required, denies them.

## ELEVENTH CLAIM FOR RELIEF[3]
### Declaratory Relief
### Against All Defendants

119.  To the extent Plaintiff realleges and incorporates by reference the foregoing paragraphs, Yangpu repeats and realleges its responses thereto.

120.  Yangpu admits that a dispute exists between it and Plaintiff, but except as so admitted denies Plaintiff's characterization of the dispute contained in paragraph 120 of the Second Amended Complaint.

121.  Yangpu admits that Plaintiff alleges in paragraph 121 of the Second Amended Complaint that "Defendants are using the mark in connection with the distribution of goods and services to third parties and in other ways that infringe upon Plaintiffs' marks," but denies that Plaintiff's contention is true.

---

[2] Designated "Eighth" Claim for Relief a second time.
[3] Designated "Tenth" Claim for Relief.

122.   Yangpu admits that it does not infringe on any valid trademarks held by the Plaintiff, and except as so admitted states that paragraph 122 of the Second Amended Complaint contains legal conclusions to which no response is required.

123.   Yangpu admits it is not currently aware of any actual confusion, but except as otherwise admitted denies the allegations contained in paragraph 123 of the Second Amended Complaint.

124.   Yangpu states that paragraph 124 of the Second Amended Complaint states legal conclusions to which no response is required, and to the extent a response is required, denies them.

125.   Yangpu states that paragraph 125 of the Second Amended Complaint states legal conclusions to which no response is required, and to the extent a response is required, denies them.

### FIRST AFFIRMATIVE DEFENSE

126.   The Complaint fails to state a claim on which relief may be granted against Yangpu.

### SECOND AFFIRMATIVE DEFENSE

127.   Plaintiff fails to establish a prima facie case for punitive damages and attorney's fees.

### THIRD AFFIRMATIVE DEFENSE

128.   Plaintiff's alleged federal trademark registrations, nos. 3,856,724; 4,238,285; 85618998; and New York State Service Mark no. S21282, were fraudulently obtained and are invalid, unenforceable, and of no force or effect.

## FOURTH AFFIRMATIVE DEFENSE

129.  Assuming arguendo that Plaintiff owns valid registered trade and service marks, as noted in paragraph 128 above, Yangpu have not infringed upon them.

## FIFTH AFFIRMATIVE DEFENSE

130.  Assuming arguendo that Plaintiff owns valid trade and service marks, as noted in paragraph 128 above, Yangpu have not infringed upon them.

## SIXTH AFFIRMATIVE DEFENSE

131.  Assuming arguendo that Plaintiff owned valid registered trade and service marks, as noted in paragraph 128 above, they were abandoned by Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

132.  Assuming arguendo that Plaintiff owned valid trade and service marks, as noted in paragraph 128 above, they were abandoned by Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

133.  Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, estoppel, acquiescence, waiver, and/or release.

## NINTH AFFIRMATIVE DEFENSE

134.  Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

135.  Plaintiff's claims are barred because Plaintiff has engaged in acts and courses of conduct which rendered it *in pari delicto*.

## ELEVENTH AFFIRMATIVE DEFENSE

136.  Plaintiff's claims are barred because Plaintiff's injuries, if any, are due in whole or in part to the acts of Plaintiff

## TWELFTH AFFIRMATIVE DEFENSE

137.   Plaintiff has failed to mitigate its damages, if any, thereby precluding relief.

## THIRTEENTH AFFIRMATIVE DEFENSE

138.   Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE

139.   Assuming arguendo that Plaintiff had and owned valid, registered trade and/or service marks, any use of the "Vantone" mark by Yangpu was in good faith, descriptive and/or nominative, and constituted fair use.


**WHEREFORE,** the Yangpu NGT Industrial Co., Ltd. respectfully requests the Court to enter an order:

1.      Dismissing the Second Amended Complaint with prejudice.

2.      Awarding Yangpu NGT Industrial Co., Ltd. reasonable costs and attorney's fees incurred in connection with this action.

3.      Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      May 16, 2017

                      ZHONG LUN LAW FIRM

By: _____

                      Leodis C. Matthews (admitted *pro hac vice*)
                      Two Wall Street, 21st Floor
                      New York, NY  10005
                      Tel: (212) 380-8388
                      Fax: (212) 810-1995
                      e-mail: leodismatthews@zhonglun.com
                      *Attorneys for Vantone Holdings Co., Ltd., China*
                      *Center New York LLC, Vantone Property NY LLC,*
                      *Vantone Residences LLC, Vamerica Fund LLC,*
                      *Vantone US LLC n/k/a Vamerica LLC, Vantone US*
                      *Inc., Beijing Vantone Real Estate Co., Ltd., Feng*
                      *Lun and Yangpu NGT Industrial Co., Ltd.*